### In re BROWN.

(Circuit Court of Appeals, Fifth Circuit. December 3, 1901.)

No. 1,060.

BANKRUPTCY—OBJECTIONS TO DISCHARGE—VERIFICATION.

Under Bankr. Act 1898, § 18c, which provides that "all pleadings setting up matters of fact shall be verified under oath," a specification of objections to a bankrupt's discharge is required to be verified by positive oath to the facts alleged.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Texas, in Bankruptcy.

In the bankruptcy court opposition was made to the discharge of the bankrupt, with the following affidavits appended thereto:

"I, C. S. Battle, vice president and general manager of the Carter Battle Grocer Co., one of the petitioning creditors above named, and duly authorized to make this oath, do solemnly swear that I am informed on reliable information, and have good reason to believe, and do believe, that the allegations and statements contained in the foregoing opposition to discharge are true.

"C. S. Battle.

"Sworn to and subscribed before me this the 6th day of April, 1901.

"J. H. Finks, Clerk, [Seal.]

"By J. B. Finks, Deputy."

"I, R. W. Flournoy, attorney of record for the applicants in the foregoing petition, hereby make oath that on the admissions of the bankrupt, J. Ed. Brown, contained in his testimony now on file with the referee in bankruptcy at Fort Worth, Texas, taken on his examination at a creditors' meeting heretofore held in the matter of his said bankruptcy, and on the statements of witnesses now present before the court, and ready to testify in the matter of the opposition hereinbefore presented, that I have good reason to believe, and do believe, that said Brown, bankrupt, is guilty of the offenses charged in the said above opposition to his discharge, as the specific grounds for said opposition. R. W. Flournoy.

"Sworn to and subscribed before me this the 6th day of April, 1901.

"J. H. Finks, Clerk, [Seal.]

"By J. B. Finks, Deputy."

The case is further stated in the following extract from the record:

"In re J. Ed. Brown, Bankrupt. (No. 203.) In Bankruptcy.

"On the opposition of the Waples Platter Grocery Company, the Carter Battle Grocery Company, and Cooper Grocery Company to the discharge of J. Ed. Brown, bankrupt, and on the motion of trustee of said bankrupt for order to compel him to pay over certain moneys to said trustee, presented to me, Edward R. Meek, judge of the United States district court for the Northern district of Texas, sitting in bankruptcy, for hearing on the 20th day of April, 1901, at Fort Worth, Texas, and on the demurrers of the said bankrupt to said opposition, and said motion of said trustee to the sufficiency in law of said opposition and said motion. I find the following conclusions of fact in relation to said proceedings: (1) That on the 7th day of December, 1900, said J. Ed. Brown was adjudicated by this court, in an involuntary proceeding against him, to be a bankrupt. (2) That on the 8th day of December, 1900, said bankrupt filed his schedule of assets in said bankruptcy, showing, among other assets, cash on hand to the amount of about two hundred ($200.00) dollars, and no more. (3) That said bankrupt made oath to said schedule of assets, declaring the said schedule to be a statement of all his estate in accordance with acts of congress relating to bankruptcy. (4) That said bankrupt has not paid over to his trustee any money other than that specified in his said schedule, and on his examination before the referee in bankruptcy at Fort Worth, at the first meeting of his

creditors, on the ——— day of ———, 1900, stated under oath that between the latter part of August and the first of November, 1900, he had lost about the sum of four thousand ($4,000.00) dollars in gambling, most of it in playing cards in Fort Worth and Dallas, Texas, and fourteen hundred dollars of it in one night at cards in said city of Dallas, in the month of October, 1900, and that said money so lost was proceeds of collections and money received by him in his mercantile business at Tolar, Texas, during the year 1900. (5) That said bankrupt denies having any money in his control or possession and not paid over by him to his said trustee. (6) That the creditors before named, opposing the discharge of said bankrupt, have duly proven their claims against his estate in bankruptcy. (7) That on the day of the hearing aforesaid said opposing creditors and said trustee had in attendance before this court, in the matter of said opposition, a number of witnesses, regularly subpœnaed for that purpose, on the application heretofore regularly made to this court to that end. (8) That said creditors and said trustee were, in the matter of said opposition and said motion to pay over funds, prosecuting their said actions in good faith. The court concludes as matters of law: (1) That it had no discretion to hear the testimony tendered by the said creditors and the said trustee, in the absence of specifications of opposition by the said creditors, and motion by the said trustee, verified by positive oath, to the existence of the facts alleged in the said opposition and motion, constituting the grounds on which the said opposition and the said motion were based. (2) That under section 18c of the act of congress of 1898, relating to bankruptcy, the said opposition and the said motion were pleadings setting up matters of fact, and should be verified under and by positive oath to the existence of the facts relied on as grounds for same. (3) That this court had no jurisdiction to entertain said opposition or said motion without such verification."

Drew Pruit, for petitioners.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The opposition to a bankrupt's discharge causes delay, a trial, and, naturally, expense and trouble to the bankrupt, as well as costs to the estate. A verification of such opposition seems to be required to prevent frivolous objections and waste of time, and we think that such opposition is within the intent and meaning of section 18c of the bankrupt act of 1898. If a verification of the opposition is required, it should be positive and certain, not vague and argumentative.

The question principally argued in this court is whether the said section 18c is mandatory or simply directory. If mandatory, then the ruling of the court as to the sufficiency of the verifications attached to the opposition was correct; if, on the other hand, said section is directory only, then it was discretionary with the judge to require compliance with the statute, and his ruling requiring a verification, and a positive verification, is not subject to review.

The petition is denied.