In re BAERNCOPF.

(District Court, E. D. Pennsylvania. October 7, 1902.)

No. 862.

1. BANKRUPTCY—DISCHARGE—SPECIFICATIONS OF OBJECTION—VERIFICATION.
Specifications of objection to the discharge of a bankrupt are pleadings, and should be verified as required by section 18c of the bankruptcy act.

2. SAME—SIGNATURES BY COUNSEL.
If counsel sign and swear to them, the reason of such signature should be stated.

3. SAME—EXCEPTIONS—WAIVER.
Specifications of objection to the discharge of a bankrupt were signed by counsel, and not sworn to. No exceptions were taken to the signature or lack of affidavit until after the testimony had all been taken and argument commenced. Held, that the failure to object in proper time waived the defects.

4. SAME—FRAUDULENT CONCEALMENT OF ASSETS.
Evidence considered, and, in view of the burden of proof being upon the objecting creditors, held to justify the referee's finding that there was no fraudulent concealment of assets by the bankrupt.

In Bankruptcy.

Julius C. Levi, for bankrupt.

George W. Carr, for creditors.

J. B. McPHERSON, District Judge. Specifications of objection to the discharge of a bankrupt are pleadings, and should be verified as required by section 18c of the act: In re Brown, 50 C. C. A. 118, 112 Fed. 49. As a rule, they should be signed by the objecting creditors, and the verification should be made by some person who has sufficient knowledge of the facts averred to make affidavit thereto. If counsel sign and swear to them, the reason for this unusual practice should be stated, so that the court may be enabled to decide whether the reason is sufficient. If the bankrupt believes the specifications to be insufficient, he should take seasonable exception thereto; otherwise he will run the risk of waiving his rights in this respect.

In the present case the specifications were signed by counsel, and were not sworn to. The bankrupt took no exception to the signature, or to the lack of an affidavit, however, until after the testimony had all been taken, and argument thereon before the referee had begun. This failure to except in proper time waived the defects, and the specifications are therefore properly before the court for consideration. Upon the merits, however, I feel obliged, although with considerable hesitation, to agree with the findings of the referee. The burden of proof was undoubtedly upon the objecting creditors to establish fraudulent concealment of assets; and, as the evidence was oral, the opinion of the referee concerning the truthfulness and ac-

curacy of the witnesses is entitled to much weight. I am not satisfied that he was mistaken in his findings, but there is no doubt that the testimony as a whole would have readily supported a different conclusion. Of course, I am not considering whether the transaction was an unlawful preference, but merely whether fraudulent concealment has been proved, so as to prevent the bankrupt from being discharged. Accepting the facts found by the referee, the discharge should be granted.