## In re TAYLOR.

(District Court, N. D. Alabama, E. D. May 8, 1911. On Application for Rehearing, May 18, 1911.)

### No. 196.

1. BANKRUPTCY (§ 415*)—COURTS OF BANKRUPTCY—APPLICATION FOR DISCHARGE—REFEREE—JURISDICTION.

   Under Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427) providing that an application for a bankrupt's discharge shall be filed in the court of bankruptcy in which the proceedings are pending, and section 1, subd. 7, defining courts of bankruptcy as the courts in which the proceedings are pending and may include the referee, a referee has no jurisdiction to hear applications for discharge except on reference to him as special master as provided by section 38, subd. 4, and general order 12, subd. 3 (89 Fed. vii, 32 C. C. A. xvi).

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–728; Dec. Dig. § 415.*]

2. BANKRUPTCY (§ 415*)—APPLICATION FOR DISCHARGE—NATURE OF PROCEEDINGS.

   An application for a bankrupt's discharge is in the nature of a separate proceeding from the original cause, so that the reference of the original cause confers no jurisdiction on the referee over the application for discharge.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–728; Dec. Dig. § 415.*]

3. BANKRUPTCY (§ 411*)—APPLICATION FOR DISCHARGE—FILING.

   Under Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427) providing that an application for a bankrupt's discharge shall be filed in a court of bankruptcy, such application must be filed with the clerk of court and not with the referee.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 692–708; Dec. Dig. § 411.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On Application for Rehearing.

4. BANKRUPTCY (§ 411*)—APPLICATION FOR DISCHARGE—FILING—TIME.

Where an application for a bankrupt's discharge, though erroneously filed with the referee instead of the clerk, was, with the other proceedings thereon before the referee, filed with the clerk within a year after adjudication, and no objection had been taken by the objecting creditor to the improper original filing with the referee, the petition would be regarded as properly filed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 692–708; Dec. Dig. § 411.*]

5. BANKRUPTCY (§ 411*) — APPLICATION FOR DISCHARGE — VERIFICATION — "PLEADING."

An application for a bankrupt's discharge should be considered a pleading within Bankr. Act July 1, 1898, c. 541, § 18c, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3429), providing that all pleadings setting up matters of fact shall be verified under oath.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 692–708; Dec. Dig. § 411.*

For other definitions, see Words and Phrases, vol. 6, pp. 5409–5411; vol. 8, p. 7756.]

6. BANKRUPTCY (§ 411*)—APPLICATION FOR DISCHARGE—VERIFICATION.

Where no objection to want of verification of a petition for a bankrupt's discharge was made until after the evidence on the application was heard before the referee, it was too late.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 692–708; Dec. Dig. § 411.*]

7. BANKRUPTCY (§ 407*)—DISCHARGE—OBJECTIONS—PURPOSE OF PROCEEDINGS.

That a bankruptcy petition was filed to defeat the claims of a judgment of an objecting creditor against the bankrupt was no ground for denying a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–761; Dec. Dig § 407.*]

8. BANKRUPTCY (§ 414*)—DISCHARGE—OBJECTIONS—CONCEALED ASSETS—EVIDENCE.

Evidence *held* insufficient to warrant a denial of a bankrupt's discharge on the ground that he had concealed an interest in property, and on his examination had falsely testified that he had no property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. § 414.*]

9. BANKRUPTCY (§ 414*)—DISCHARGE—CONCEALMENT OF ASSETS—FALSE OATH.

Objection to a bankrupt's discharge because of fraudulent concealment of assets or false oath must be established by clear and convincing proof, and is not the subject of mere suspicion of inference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. § 414.*]

In Bankruptcy. In the matter of bankruptcy proceedings of H. M. Taylor. On application for discharge. Granted on rehearing.

Knox, Acker, Dixon & Sims, for objecting creditor.
Whitson & Harrison, for bankrupt.

GRUBB, District Judge. This matter comes on for hearing upon the application of the bankrupt for his discharge. The bankrupt was adjudicated on November 10, 1906. The case was closed by the referee June 7, 1907. On December 28, 1906, an application was filed by the bankrupt with the referee, to whom the case was referred, for

his discharge. On this application notice was given and proceedings were had before the referee pursuant to District Court Rule No. 7. The application for discharge was never filed with the clerk, nor was it called to the attention of the judge until early in the year 1911. The question presented on the threshold is as to whether the application was made within the 12 months during which, alone, the court has jurisdiction to entertain and act upon the application.

[1] Section 14 of the Act of 1898 provides that the application for a discharge shall be filed "in the court of bankruptcy in which the proceedings are pending." Courts of bankruptcy are defined by the act (section 1, subd. 7) as the courts in which the proceedings are pending and "may include the referee." "Clerk" is defined as "the clerk of a court of bankruptcy." Section 1, subd. 5. The referee has no jurisdiction to hear applications for discharge except upon reference to him, as special master, Section 38, subd. 4, and General Order 12, subd. 3 (89 Fed. vii, 32 C. C. A. xvi).

[2] Applications for discharge are in the nature of a separate proceeding from the original cause which is closed upon the final distribution of the assets of the estate. Over them the reference to the referee of the original cause confers no jurisdiction, since the act itself excepts from the jurisdiction of the referee the matter of hearing and granting discharges. The cases in which the court "may include the referee" are not inclusive of the matter of discharges.

[3] The act requiring the application to be filed in the court, and the court so far as discharges are concerned being exclusive of the referee, a filing with the referee is not a filing with the court, and does not confer on it jurisdiction. The application should be filed with the clerk in order to be filed with the court. Appearance of the objecting creditor before the referee, in reference to an application with him filed, might be a waiver of the improper filing, but consent cannot confer jurisdiction, after the expiration of the 12 months, without action on the part of the court, for after that period the court loses jurisdiction of the subject-matter of the discharge. Collier on Bankruptcy, p. 260 (8th Ed.), says:

"All petitions (for discharge) should be filed with the clerk, and not with the judge or referee"—citing In re Sykes (D. C.) 6 Am. Bankr. Rep. 264, 106 Fed. 669.

In the case of In re Pincus (D. C.) 17 Am. Bankr. Rep. 331, 147 Fed. 621, the court said:

"These bankrupts filed with the referee in charge, and about five months after adjudication, the petition under review. No action by the court was taken thereon, until more than a year after adjudication, and the objecting creditors now contend that the filing with the referee was insufficient to confer jurisdiction and the petition should be dismissed as not having been preferred within the statutory year. It is true that the referee as 'referee' has no power to consider the petition. But within this district and by force of District Court Rule ii in bankruptcy the office of the referee is the office of the court."

In this district no such rule is in force. The clerk's office is the office of the bankrupt court in this district. Rule 3 of this district limits the jurisdiction of the referee over referred cases, as does the

act, excepting from it "granting discharges, as to which the jurisdiction of the judge is exclusive." Rule 7 provides that upon the filing of a petition for discharge the referee shall perform certain preliminary acts looking to the preparation of the application for hearing before the judge, and operates to dispense with a special reference in each case so far as authority to perform such preliminaries is conferred on the referee by the rule. It does not authorize the filing of the petition for discharge with the referee, but makes his jurisdiction to do the acts specified conditional upon a proper filing, viz., a filing in the bankruptcy court, i. e., with the clerk. The application, not having been filed with the clerk or called to the attention of the judge, until more than four years from the date of adjudication, came too late.

The application should be denied for the additional reason that it is a pleading, required by General Order xxxi to "state concisely in accordance with the provisions of the act and the orders of the court the proceedings in the case and the acts of the bankrupt," and therefore is a pleading setting up matters of fact, which section 18, subd. "c" requires to be verified. The case of In re Brown, 7 Am. Bankr. Rep. 252, 112 Fed. 49, 50 C. C. A. 118, decided by the Circuit Court of Appeals for this circuit, is in point. It is important that the bankrupt should be required to state under oath that he has surrendered all his property to his trustee and has complied with fully the act (Form 57 [89 Fed. lvii, 32 C. C. A. lxxxi]) as a condition to obtaining his discharge, especially as his discharge follows as a matter of course and without the offer of proof of these facts by him, unless objecting creditors enter appearances and file specifications of objections.

The application for discharge is for these reasons denied at the cost of the bankrupt.

### On Application for Rehearing.

[4] Upon application for rehearing, the court's attention has been called to the fact that the application for discharge, together with all proceedings thereon before the referee, was filed with the clerk of the court on June 11, 1907, and within a year of the adjudication. No objection to the original filing with the referee was interposed by the objecting creditor. On the contrary, he joined in the proceedings before the referee and first made the point on this hearing. As the filing with the clerk within the 12 months was in time to preserve the court's jurisdiction of the application, the acquiescence of the objecting creditor in the proceedings under the petition filed with the referee was a waiver of any irregularity in the filing.

[5] The only requirement of verification is section 18c, which requires that "all pleadings setting up matters of fact shall be verified under oath." If the application for discharge is a pleading setting up matters of fact it should be verified, otherwise not. It seems to be settled by authority that specifications of objection to discharge are pleadings setting up matters of fact and are required to be verified. In re Brown, 112 Fed. 49, 50 C. C. A. 118; In re Glass (D. C.) 119 Fed. 509; Collier (8th Ed.) p. 622. It is said that the application is not

a pleading but a mere motion because the bankrupt is called upon to answer the objecting creditor's specifications of objection, and this is his first pleading of fact. The law is in a state of uncertainty in this respect. Collier intimates that a verification is necessary; Loveland that none is required; and Remington that it is a matter of doubt. Collier (8th Ed.) p. 260; Loveland (3d Ed.) § 273, p. 788; Remington, § 2430, p. 1468. The case of In re Glass, supra, contains an obiter that the application should be verified. The absence of a form of verification in the official form is without significance, as is stated by Remington, since the official form for specifications of objection has no form for verification, and yet it seems well settled that it is a pleading of fact which must be verified. Inasmuch as the official form of application for discharge contains the averment that the bankrupt has duly surrendered all his property and rights of property, and has fully complied with all the requirements of the act and the orders of the court touching his bankruptcy, and inasmuch as this averment, without further proof, in the absence of objections filed, entitles the bankrupt to his discharge, it seems to me it should be considered a pleading of fact requiring verification.

[6] Objection to want of verification was not made until after the evidence on the application was heard before the referee, and comes too late for that reason. Failure to make a timely objection on that ground amounts to a waiver. In re Samuel Baerncopf (D. C.) 9 Am. Bankr. Rep. 133, 117 Fed. 975; In re Robinson (D. C.) 10 Am. Bankr. Rep. 477, 123 Fed. 844; Godshalk Co. v. Sterling, 12 Am. Bankr. Rep. 302, 129 Fed. 580, 64 C. C. A. 184.

In view of the fact that the application for discharge was filed in the office of the clerk before the expiration of 12 months from the date of the adjudication, the question as to whether it may be properly filed with the referee is not material. The safer practice would be to file it with the clerk, whose duty it would be to transmit it to the referee for him to proceed under District Court Rule No. 7. Both parties having impliedly consented to the course pursued in this case, by appearing before the referee and hearing the matter without objection either to the filing or the want of verification, the filing with the clerk thereafter and within the year, together with the acquiescence of the objecting creditor in proceeding under such an application, cures whatever infirmities may exist in it.

[7] Coming to the consideration of the application upon the merits, it seems clear that the petition in bankruptcy was filed to defeat the collection of the judgment of the objecting creditor against the bankrupt, which, in view of the reduction to judgment must be held to be a just claim against him. Conceding this to be true, it affords no ground for denying to the bankrupt his discharge.

[8] The other grounds of objection are that the bankrupt concealed an interest in property, and on his examination falsely testified that he had no property. The interest alluded to was an interest in certain mules and horses, purchased by the bankrupt in Atlanta, and his interest in or claim against the firm of Lane & Taylor, based on services rendered by him. The evidence, without conflict, shows that

Taylor's mother, early in January of the year 1906, sold property for which she received $7,500 in money, and immediately thereafter gave the bankrupt power of attorney to manage her business, and that the bankrupt had no means of his own. In February, the evidence tends to show that a partnership between Lane and Taylor's mother was formed upon terms not satisfactorily shown by the evidence but which, in a general way, provided that the partners were each to contribute money and services and to share the profits proportionately. The bankrupt was to represent his mother in the firm, under power of attorney, and his services were to stand in lieu of hers. His services were to be paid for by his mother to him and not by the firm to him. The understanding between his mother and himself as to how, when, and in what amount he was to be compensated for such services was so vague as to justify the conclusion that the purpose of the arrangement was to put the bankrupt's earnings beyond reach of his creditors. The evidence, in the record, does not, however, satisfactorily show either (1) that the bankrupt ever put any money in the business and owned any interest in it or its assets, or (2) that the firm or Mrs. Taylor herself owed the bankrupt at the time of the filing of the petition any wages. To establish the charge of concealing assets or of false denials of owning assets, the objecting creditor was bound to offer evidence of at least one of these propositions. The conduct and declarations of the bankrupt while handling the firm's business were not so inconsistent with his alleged representative capacity as to supply the place of such evidence, nor are the facts attendant upon the purchase of the mules and horses in Atlanta by the bankrupt so inconsistent with the contention that they were purchased by him for the partnership as to justify a denial of the discharge on that ground.

[9] The denial of the discharge because of fraudulent concealment of assets or of a false oath by the bankrupt must be made out by clear and convincing proof, and is not the subject of mere suspicion or inference.

The order denying the discharge is revoked, and an order granting it will be entered.