In re C. H. KENDRICK & CO.

(District Court, D. Vermont. October 12, 1915.)

1. BANKRUPTCY ☞415—APPLICATION FOR DISCHARGE—JURISDICTION OF REFEREE—"CLERK."

Bankr. Act July 1, 1898, c. 541, § 14a (Comp. St. 1913, § 9598), requires the application for a discharge to be filed in the court of bankruptcy. Section 14b provides that the judge shall hear the application and such proofs and pleas as may be made in opposition thereto. Section 1 (5) (Comp. St. 1913, § 9585), defines "clerk" as the clerk of the court of bankruptcy. General Order 20 (89 Fed. ix, 32 C. C. A. xxii) provides that proof of claims and other papers filed subsequent to the reference, except such as call for action by the judge, may be filed either with the referee or with the clerk. General Order 12, § 3 (89 Fed. vii, 32 C. C. A. xvi), provides that an application for a discharge shall be heard and decided by the judge, but that he may refer such application, or any specified issue arising thereon, to the referee to ascertain and report the facts. Held, that an application for a discharge is in the nature of a separate proceeding from the original case, which is closed with the final distribution of assets, and the reference of the original case to the referee confers no jurisdiction whatever on him as to the discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–708, 719, 723, 724, 726, 728; Dec. Dig. ☞415.

For other definitions, see Words and Phrases, First and Second Series, Clerk.]

2. BANKRUPTCY ⊂∞413—APPLICATION FOR DISCHARGE—OBJECTIONS—FILING.
     Objections to a discharge call for action by the judge, and must be filed
     with the clerk of the bankruptcy court, and not with the referee, though
     the application has been referred to the referee as special master to hear
     and report the facts, with his opinion.
     [Ed. Not.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725,
     727; Dec. Dig. ⊂∞413.]

In Bankruptcy. In the matter of C. H. Kendrick & Co., bankrupts. On motion of Eugene A. Prindle, one of the bankrupts, to dismiss objections to his discharge filed by the Quarry Savings Bank & Trust Company. Motion granted conditionally.

See, also, 226 Fed. 978.

Richard A. Hoar and Alland G. Fay, both of Barre, Vt., for the bankrupt.

Elwin L. Scott and J. Ward Carver, both of Barre, Vt., for the bank.

HOWE, District Judge. C. H. Kendrick & Co. is a partnership composed of Clarence H. Kendrick and Eugene A. Prindle. On January 15, 1914, the partnership and the partners, individually, were adjudged bankrupts on a petition filed by their creditors. On July 20, 1914, they filed their petition for a discharge with the clerk, and, in accordance with the practice in this district, Judge Martin referred it to the referee as special master to hear and report the facts, with his opinion. On August 24, 1914, after giving proper notice, the special master held a "show cause" hearing on the petition, and on that day the Quarry Savings Bank & Trust Company entered its appearance in opposition to the discharge of Eugene A. Prindle. No objections were made to the discharge of the partnership or of Clarence H. Kendrick. On September 3d the bank filed specifications of its objections with the special master, and on September 4th, 11 days after the hearing, the same specifications were filed with the clerk. Thereafter this motion was filed with the clerk to dismiss the specifications of objections because they were not filed with the clerk, and within 10 days after the hearing as required by General Order 32 (89 Fed. xiii, 32 C. C. A. xxxi).

[1, 2] An application for a discharge is in the nature of a separate proceeding from the original case, which is closed with the final distribution of assets. The reference to the referee of the original case confers no jurisdiction whatever on him as to the discharge, as the Bankruptcy Act, in section 14a, requires the application to be "filed in the court of bankruptcy," and in section 1 (5) "clerk" is defined to mean "clerk of the court of bankruptcy." In re H. M. Taylor (D. C.) 26 Am. Bankr. Rep. 143, 188 Fed. 479. In section 14b, it is provided that:

"The judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto."

And General Order 20 (89 Fed. ix, 32 C. C. A. xxii) provides that:

"Proof of claims and other papers filed subsequent to the reference, except such as call for action by the judge, may be filed either with the referee or with the clerk."

The specifications of objections called for action by the judge, and under General Order 12, § 3 (89 Fed. vii, 32 C. C. A. xvi) the judge can refer the application for a discharge, *or any special issue arising thereon, to the referee* to ascertain and report the facts. Collier (10th Ed.) 319b.

In re Abram Hockman (D. C.) 30 Am. Bankr. Rep. 921, 205 Fed. 330, it was held to be well settled that the application for a discharge and the objections thereto must be filed with the court, as all questions arising out of the application are original questions for the court and are expressly withheld by the act from all others. Therefore it follows that the objections must be filed with the clerk within 10 days after the "show cause" hearing.

The motion to dismiss must be granted, unless the time in which to file the objections with the clerk is enlarged in accordance with General Order 32, and that question will not be considered, unless formal motion to enlarge the time is made within 10 days.