### In re ROMICK et al.

(District Court, N. D. Texas, at Dallas. December 8, 1925.)

No. 2148.

1. **Bankruptcy** ⬅413(½)—**In meeting of bankrupt's creditors, only creditors personally present, or represented by proxy or by agent under power of attorney, may vote.**

At meeting of bankrupt's creditors to authorize trustee to oppose bankrupt's discharge, under Bankruptcy Act, § 14b (Comp. St. § 9598[b]), only creditors personally present, or represented by proxy or by agent under power of attorney properly executed and filed with referee, may vote.

2. **Bankruptcy** ⬅413(3)—**Verification of specifications in opposition to bankrupt's discharge held not made by person authorized to do so.**

Verification of specifications in opposition to bankrupt's discharge by person whose sole authority was telegrams from creditors authorizing him to vote at creditors' meeting in favor of authorizing trustee to oppose bankrupt's discharge under Bankruptcy Act, § 14b (Comp. St. § 9598[b]), was not made by person authorized to do so, under section 18c (Comp. St. § 9602[c]), and District Court rule 29.

In Bankruptcy. In the matter of Harry Romick and Joseph Topper, bankrupts. On bankrupts' application for individual discharges in bankruptcy, wherein certain creditors filed objections. Specifications dismissed, and bankrupts discharged provisionally.

Etheridge, McCormick & Bromberg, of Dallas, Tex., for bankrupts.

H. A. Jandrew, of Dallas, Tex., trustee.

J. H. Synnott, of Dallas, Tex., for creditors and trustee.

MEEK, District Judge. This hearing is upon the personal applications of Harry Romick and Joseph Topper for their individual discharges in bankruptcy and a hearing upon specifications in opposition to the granting of the discharges prayed for by them. These two men comprised the firm of Romick & Topper, and were engaged in the retail mercantile business at Ennis, Ellis county, Tex., in this Northern district. They were adjudged bankrupts upon their voluntary petition on the 26th day of December, 1924. In due course they filed their applications for individual discharges, but did not file an application for the discharge of the firm of Romick & Topper under the provisions of the Bankruptcy Act.

Four creditors of the bankrupt firm filed notices of their objection to the discharges of these bankrupts, and also filed specifications of objection. These four creditors are corporations, two of them being local to Texas and two of them foreign to this state. They are as follows: Texas Paper Company, Bywaters Dry Goods Company, North Lebanon Shoe Factory, and Straus-Frank Company.

At a meeting of the creditors of the bankrupts held by the referee in bankruptcy, which was held pursuant to the provisions of section 14b of the Bankruptcy Act (Comp. St. § 9598[b]), the trustee of this estate was authorized to interpose objections to the discharges sought by the bankrupts. The trustee was authorized by the creditors to employ and did employ counsel to assist him, and also to make such investigation of the affairs of the bankrupts as he deemed it necessary to make. As a result of the examinations and testimony given by the bankrupts at the first and subsequent meetings held before the referee in bankruptcy, specifications in opposition to the bankrupts' discharges were filed by the aforesaid four creditors, and were joined in such opposition by the trustee of the estate.

As stated above, the specifications were signed and filed by two local corporations, and also by two who had places of business outside the jurisdiction of this court. H. A. Jandrew, the trustee of said estate, signed these specifications, and also J. H. Synnott, Esq., of Dallas, who was attorney for the trustee of the estate and also of the objecting creditors. These specifications in opposition to the discharges of these bankrupts are not verified by the trustee of the estate nor by his attorney, nor by any authorized officers of the said four corporations who appear in opposition to the bankrupts' discharges. They are not verified in any legal or recognized way at all. The only verification of said specifications is as follows:

"Before me, the undersigned authority, on this day personally appeared Vernor Hall, agent of the objecting creditors and trustee, who, having been duly sworn, says on oath that the facts set forth therein are true, and the said Vernor Hall says further on oath that it is inconvenient to obtain the affidavits of said creditors or trustee hereto, and that he is authorized to make this affidavit for them.

"[Signed]    Vernor Hall.

"Sworn to and subscribed before me this March 14, 1925.

"[Signed]    Ira D. Dodge.

"Notary Public, Dallas County, Texas."

The only thing I find in the voluminous record in this matter concerning Vernor

Hall, who makes this verification, appears in the order made by the referee, after the hearing held by him for the purpose of ascertaining whether the creditors of the bankrupts authorized the trustee to join with the creditors in opposing the discharges of the bankrupts. In such order it appears that Mr. Vernor Hall at such meeting appears as representing nine of the creditors of the bankrupts. So far as the record before the judge shows, the said Vernor Hall was not in any proper and legal way authorized to make such verification for any one of said objecting corporation creditors.

I find in the record copies of three telegrams to Vernor Hall. One of these telegrams is signed by Straus-Frank Company, of San Antonio, one is signed by the Boye Needle Company, of Chicago, and one is signed by North Lebanon Shoe Factory, of Lebanon, Pa. These telegrams are phrased in identical language and are as follows:

"This will authorize you to vote our claim in favor of authorizing the trustee to oppose the discharge at the expense of the estate, and also to make such expenditures as are necessary in his judgment for the purpose of recovering concealed assets which belong to the creditors of Romick & Topper."

[1] "At such meeting only creditors who are personally present or represented by proxy, or by an agent where a power of attorney properly executed has been filed with the referee, may vote." Collier on Bankruptcy (13th Ed.) vol. 1, p. 497; In re Ruhlman et al. (C. C. A.) 279 F. 250.

[2] In view of what I find to be the weight of authority, it is doubtful whether Vernor Hall was authorized by reason of the aforesaid telegrams to him to vote at the meeting of the creditors for the purpose of authorizing the trustee to join in the specifications in opposition to the discharges of the bankrupts, if such telegrams were his only authorization, and they seem to be from the record now with the judge.

Therefore, so far as this record shows, Vernor Hall made this affidavit of verification of opposition to the bankrupts' discharges as the agent of the objecting corporation creditors, and as the agent of the trustee of this estate, only upon the authority given by said telegrams to vote at the creditors' meeting in favor of authorizing the trustee to join in the opposition to the bankrupts' discharges. I will not question that authority, because it is not questioned by the bankrupts themselves, nor by their attorneys.

The bankrupts filed with the clerk of this court exceptions to the specifications, stressing therein their exceptions to the verification of these specifications, and calling attention of the referee to rule 29 of this court, which is as follows:

"Rule 29. *Attorneys.* Creditors and the bankrupt may be represented in any proceedings in bankruptcy by attorneys authorized to practice in the District Courts of the United States. Attorneys may verify papers required to be verified in bankruptcy proceedings, or collect dividends, when they file with the referee letters of attorney, stating the authority to them given; the verification of papers by attorneys must set out the authority by which they act; the reason why the creditor or bankrupt does not act in person, and that they have personal knowledge of the truth of the facts alleged in the paper verified, when such personal knowledge would be required of the bankrupt or creditor. The attorney of record for the bankrupt shall not act for any creditor or for the trustee in bankruptcy proceedings."

The learned referee evidently deemed such verification sufficient, because thereafter, the matter having been referred to him to take testimony thereon, he proceeded to hear and to examine the bankrupts and other witnesses, and heard much testimony upon the allegations of the specifications in opposition to the discharges of the bankrupts. I have considered this verification to these specifications, and have decided that it is not made by any one authorized to act in the matter for any one of said objecting creditor corporations, nor, so far as the record before me shows, was Vernor Hall the authorized agent of the trustee of this estate, for whom he undertakes to act.

The reason as stated by him in the language of the verification, that "it is inconvenient to obtain the affidavits of said creditors," who were corporations, or of the trustee of the estate, does not show any authorization for his acting in the premises. Said trustee and the attorney representing him in these matters were at the time residents of Dallas, Tex., and their names appear signed to the specifications in opposition to the discharges of these bankrupts. This verification, if it had been made by one authorized to make it under rule 29 of this court, is sufficiently definite and certain to warrant, and would necessitate, the hearing of the evidence upon such specification, because it states affirmatively that the facts set forth therein (that is, the specifications of opposition to the discharges) are true.

Because of the entertainment of these specifications of the creditors and the trustee in opposition to the discharges of the bankrupts there has resulted a delay of many months in the disposition of the questions before the court. It has also resulted in much expense and trouble to the bankrupts, and will necessarily cause their creditors a further loss in the way of costs, which they have authorized the trustee to incur in their behalf. Under section 18c of the Bankruptcy Act (Comp. St. § 9602[c]) these specifications setting up matters of fact had to be verified under oath, and that verification is required to be made by one authorized to act in the premises. In re Brown, 112 F. 49, 50 C. C. A. 118; In re Meurer (D. C.) 144 F. 445; In re Abramovitz (D. C.) 253 F. 299; In re Slatkin (D. C.) 286 F. 242; Koch et al. v. Sidney Blumenthal & Co., Inc. (C. C. A.) 3 F.(2d) 395.

Having held that the verification of the specifications filed to the bankrupts' petition for their discharges is not made by 'one authorized to act in the premises, and this being at the very threshold of the consideration of the oppositions filed, it is necessary, in event no further steps are taken herein to dismiss these specifications and if they are dismissed, to grant the bankrupts their discharges as prayed for by them.