## In re JAMIESON.

### (District Court, N. D. Illinois, N. D. January 31, 1903.)

### No. 7,372.

1. BANKRUPTCY—OBJECTIONS TO DISCHARGE—VERIFICATION.
   A specification of objections to the discharge of a bankrupt is not a pleading, within the meaning of Bankr. Act 1898, § 18c [U. S. Comp. St. 1901, p. 3429], requiring all pleadings setting up matters of fact to be verified, and such specification need not be verified.

In Bankruptcy. On demurrer to specifications of objections to discharge.

Collins & Fletcher, for bankrupt.

Ira W. & C. C. Buell, for objecting creditors.

KOHLSAAT, District Judge. Objections were filed to the application of the bankrupt for a discharge. To these objections bankrupt files his demurrer on the grounds that—First, the objections are not verified; and, second, that the objections are not sufficient in substance and in form.

The act requires all pleadings setting up matters of fact to be verified. What may be considered pleadings is not specified. For the purpose of making the proceedings under the act more specific, the Supreme Court adopted and established certain rules, orders, and forms to be followed in the execution and application of the statute. Among other forms prescribed by the Supreme Court are those pertaining to a discharge of the bankrupt. The forms laid down for the petition for discharge, and also for the presentation of objections to discharge, make no provision for verifying either, whereas the rules do, in relation to other forms, make such provision; thus indicating that the petition for discharge, and the objections thereto, are not considered "pleadings," within the meaning of the statute, and are not required to be verified. In this respect the court follows the form of objections prescribed under the act of 1867. These rules have the same weight in this case as though they were included in the express language of the statute. Such a construction of the law and of the Supreme Court rules and forms is reasonable in its practical application. The matters which may be urged by way of objections are peculiarly within the knowledge of the bankrupt. They may, and often do, come to light late in the course of the proceedings. To require the objector to make positive oath thereto would practically do away with objections to discharge. It is a matter of common experience and knowledge that the successful interposition of objections to discharge under the present act is a very difficult matter. I do not deem it in the interest of justice or right to so interpret the act as to enlarge its facilities in this direction by way of implication. The objections are sufficient in both form and substance.

The demurrer is overruled.