---

### In re GIFT.

#### (District Court, M. D. Pennsylvania.  April 23, 1904.)

#### No. 340.

1. BANKRUPTCY—OBJECTIONS TO DISCHARGE—AMENDMENT.

A specification of objections to a bankrupt's discharge is in the nature of a pleading setting up matters of fact, and is required to be verified, but, being a matter of form, a verification may be supplied by amendment.

2. SAME.

An amendment of objections to the discharge of a bankrupt in matter of substance is only allowable (after the time within which objections are required to be filed) where the amendment is no more than an amplification, by the supplying of details, of charges which are substantially stated in the original.

3. SAME—GROUNDS—FRAUDULENT TRANSFER OF PROPERTY.

Specifications of objection to the discharge of a bankrupt, alleging that, within four months prior to the filing of his petition, in contemplation of bankruptcy, and with intent to defraud his ' creditors, he purchased certain household goods specified, which he transferred to a woman to whom he expected to be, and was afterward, married, and which were not included in his schedules, are legally sufficient, under Bankr. Act, § 4b (Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411]), as amended, which does not require an allegation in such case that the transfer was "knowingly and fraudulently" made, as is the case where the act charged is an offense punishable by imprisonment.

In Bankruptcy.  On certificate from referee.

Charles P. Ulrich, for excepting creditors.

Charles M. Clement, for bankrupt.

ARCHBALD, District Judge.  On February 26, 1904, within the time limited by the law, the First National Bank of Beaver Springs, a creditor of the bankrupt, filed the following objection to his discharge:

"That, at or about the time said bankrupt was preparing and arranging to file his petition in bankruptcy, he purchased household goods worth about $200, and transferred said goods to his wife as a gift, thereby removing or concealing property with intent to hinder, delay, and defraud his creditors, and that said household goods thus given by said bankrupt to his wife were not scheduled by him as assets of his estate."

---

¶ 1. As to right to reverify, see In re Vastbinder, 126 Fed. 417.

The paper was signed in the name of the bank by the president, but was not verified, and exception has been taken to it on that ground. It is also claimed that it does not state with sufficient definiteness the ground of objection to the discharge, nor bring it within the law. Upon this the creditor moves to amend by filing properly verified specifications charging, in substance:

"That on or about June 26, 1903, the bankrupt purchased of certain parties —naming them—goods and merchandise of the value of $115.11, to wit, 75 yards of ingrain carpet; 30 yards of Brussells carpet; six Brussells rugs; a dozen and a half of window shades; four large and three smaller pictures; two tubs; one mirror; half a dozen knives and forks, a dozen teaspoons, and a dozen tablespoons, all of Rogers' silverware; a silver butter knife and a silver sugar shell; a clock; and 25 yards of stair carpet. That these goods were directed by the bankrupt to be shipped to Northumberland, Pa., where they were received by him, although his residence at the time was elsewhere, and were given by him to his present wife, to whom he had not yet been married, but was about to be, knowing at the time that he was insolvent, and being about to go into bankruptcy; thus knowingly and fraudulently transferring the said goods with intent to hinder, delay, and defraud his creditors; the said goods having since that time been in the joint control, use, and enjoyment of the bankrupt and his wife, and not having been included in the schedule of his assets. Also that within four months of filing his petition he had similarly purchased of other parties who are named household furniture, unspecified, of the value of $110.88, which he also gave to his wife, at or about the same time, with similar fraudulent purpose."

The question is whether this amendment should be allowed.

All pleadings setting up matters of fact are required by the bankruptcy act to be verified. Act July 1, 1898, c. 541, § 18c, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]. And objections to a discharge, according to the better opinion, being of that nature, should be made under oath (Collier's Bankruptcy, 161; Brandenburg's Bankruptcy, § 348; In re Brown, 7 Am. Bankr. R. 252, 112 Fed. 49; In re Baerncopf, 9 Am. Bankr. R. 133, 117 Fed. 975; In re Glass, 9 Am. Bankr. R. 391, 119 Fed. 509), although, as pointed out in In re Jamieson, 9 Am. Bankr. R. 681, 120 Fed. 697, where it is held to be unnecessary, none is provided for in the form promulgated by the Supreme Court. Collier, 639, Form 58. The right to supply a verification where it has been omitted would therefore seem to be undoubted; it being, at best, a matter of form only.

But an amendment in matter of substance is considerably different, and, after the time within which objections are required to be filed, is only allowable where there is already of record sufficient to justify it. In re Mercur, 8 Am. Bankr. R. 275 (D. C.) 116 Fed. 655; Id., 10 Am. Bankr. R. 505, 122 Fed. 384, 58 C. C. A. 472. The specifications as amended must merely amount to an enlargement of the original, and, if they exceed this, they are not entitled to come in. The question in the present instance is whether or not they do.

In the original objection given above, the charge made against the bankrupt, in substance, is that he had concealed certain of his property with intent to defraud his creditors, to wit, by purchasing household goods when in contemplation of bankruptcy, and transferring them as a gift to his prospective wife, omitting them subsequently from his schedules when he came to file his petition. In the specifications sought to be filed as an amendment the date of the purchases is given, the

parties from whom they were made, the particular goods referred to, and the means taken to remove or conceal, or, as it is now charged, to transfer them; repeating the allegation that the gift or transfer was made in contemplation of bankruptcy, with intent to defraud creditors. There is a slight variance in the charge, as it will be noted, concealment in the one case, and a fraudulent transfer in the other, being alleged; but the facts are the same, whatever character is ascribed to them, so that it is not material. Neither is the added suggestion that the bankrupt was at the time insolvent. Notwithstanding the criticism made upon these proposed changes, the amendment as a whole is, as it seems to me, a mere amplification of what had preceded it, and is therefore to be allowed. It simply presents in detail that which had been previously stated in outline, and, the object being to give notice to the bankrupt of what he has to meet and defend, he had that effectively by the original; the specifications as amended merely presenting it in fuller form.

It is urged, however, that even as restated the specifications are not legally sufficient, but this cannot be successfully maintained. By the amendment of 1903 (Act Feb. 5, 1903, c. 487, § 4b, 32 Stat. 797 [U. S. Comp. St. Supp. 1903, p. 411]) the transfer or concealment of property at any time within four months prior to the filing of the petition, with intent to hinder, delay, or defraud creditors, is in so many words made a ground for withholding a discharge, and that is the basis of the opposition here. The argument that the transfer or concealment must be charged to have been knowingly and fraudulently made confuses the decisions based on the objection that there has been a false oath, and has no application here. The further suggestion is made that the alleged fraudulent disposition and concealment of property was nothing more than a purchase of goods with which to start housekeeping, taking the form of a wedding present to his wife; but this goes into the facts, which are not before me, and, even if that were the case, I am not prepared to say, if the intent was there, that it might not amount to a fraud.

The amended specifications are allowed.