## In re ABRAMOVITZ.

### (District Court, S. D. Florida.   May 25, 1918.)

1. BANKRUPTCY ⟨key⟩413(3)—DISCHARGE—SPECIFICATIONS OF OBJECTION.

Specifications of objection to a bankrupt's discharge are pleadings within Bankruptcy Act, § 18c (Comp. St. 1916, § 9602), and must be verified by positive oath to the facts alleged.

2. BANKRUPTCY ⟨key⟩413(3)—DISCHARGE—SPECIFICATIONS OF OBJECTION—SUFFICIENCY.

Specifications of objection to the bankrupt's discharge, which are made on information and belief, and enter into no details as to property, etc., are insufficient.

3. BANKRUPTCY ⟨key⟩413(3)—DISCHARGE—SPECIFICATIONS OF OBJECTION—WHO MAY FILE.

Specifications of objection to a bankrupt's discharge are made by creditors, and should be signed by the creditor, whether an individual or a corporation.

4. BANKRUPTCY ⟨key⟩413(3)—DISCHARGE—SPECIFICATIONS OF OBJECTION—SIGNING BY CORPORATION.

Where a corporate creditor files specifications of objection against a bankrupt's discharge, it must sign the same by having its seal affixed thereto by proper authority.

In Bankruptcy. In the matter of the bankruptcy of Adela Abramovitz. On motions to strike specifications of objection to discharge. Motions granted.

W. Hunt Harris and H. H. Taylor, both of Key West, Fla., for bankrupt.

Rand & Kurtz, of Miami, Fla., for objecting creditor.

CALL, District Judge. On April 25, 1918, certain specifications of objection to discharge were filed. These specifications, two in number, were signed Beasley Shoe Company, by Rand & Kurtz, attorneys. This is sworn to on information and belief. On April 25, 1918, a paper styled "Supplemental Specifications of Grounds of Opposition to Bankrupt's Discharge," was filed, signed "Rand & Kurtz, Attorneys for Beasley Shoe Company." These, consisting of five, and all, except the fifth, made on information and belief, are sworn to by E. B. Kurtz. This appears to be a carbon copy of the same paper filed May 17th, except it is sworn to on information and belief by J. T. Gilliam, as treasurer, and signed by "Beasley Shoe Company, by Rand & Kurtz, Its Attorneys." Motions are made by the bankrupt to strike the papers filed April 25th and May 17th, on the ground that the same are not signed by objecting creditors, nor sworn to as required.

[1] Section 18c of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 551 [Comp. St. 1916, § 9602]) requires all pleadings setting up matters of fact shall be verified under oath. In Re Brown, 112 Fed. 49, 50 C. C. A. 118, the Circuit Court of Appeals for this circuit decided that specifications of objection to bankrupt's discharge are pleadings, and the form of oath attached to these papers did not

authorize the court to hear and determine same. The motion to strike same will therefore be granted.

[2] There are other grounds of the motions which are not necessary to decide, but, since the attorneys for the creditor request leave to amend its specifications filed April 25th, by having the proper oath made to them, which request will be granted, it is better that I call attention to the so-called supplemental specifications. The first four are made on information and belief, and enter into no details as to property, etc. It does not seem to me that these four state, either in the form in which they are filed, or the matter stated therein, proper specifications of objection to discharge.

[3, 4] Specifications of objection to a bankrupt's discharge are made by the creditor. If it is an individual, he should sign such specifications. If it is a corporation, such specifications should be signed by the corporation, and the only way a corporation may sign an instrument or pleading requiring its signature is by having its seal affixed by proper authority. The decision by Judge Hammond (In re Glass [D. C.] 119 Fed. 509) is enlightening, and I think states the law.

An order will be made, granting the motions to strike and allowing the creditor 20 days within which to make such amendments as it may be advised.