### In re DYNAMIC MFG. CO.

(District Court, E. D. Michigan, S. D.   January 19, 1921.)

#### No. 4475.

Bankruptcy ⬦413(3)—Objections to discharge must conform to rules of court.

Specifications of objection to discharge of a bankrupt, not verified as required by a local rule of the court, nor filed within the time prescribed by such rule, will not be considered.

In Bankruptcy. In the matter of the Dynamic Manufacturing Company, bankrupt. On motion by bankrupt to strike out specifications of objection to discharge. Motion granted.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Henry P. Seaborg, of Detroit, Mich., for bankrupt.
N. Alvin Patterson, of Detroit, Mich., for creditor, Jennie Coon.

TUTTLE, District Judge. This is a motion by the bankrupt to strike out certain specifications in opposition to the discharge of the bankrupt, filed on behalf of Jennie Coon, a creditor of said bankrupt, by an attorney who does not now represent her. After the filing of such specifications, a motion was filed by the present attorney for said creditor to dismiss the application of the bankrupt for its discharge.

The specifications referred to are too vague and indefinite to satisfy the requirements of law. They are also insufficient because not verified as required by Rule 12 of the local Bankruptcy Rules. This rule includes the following provision:

"In case a creditor or other party in interest desires to oppose the granting of the discharge, he shall cause to be filed with the clerk on or before the return day of the order to show cause, his appearance in opposition thereto and shall file verified specifications of the grounds of his opposition within ten days thereafter, as provided in General Order No. 32, and serve a copy thereof upon the bankrupt, or his attorney if he appears by attorney." 37 Sup. Ct. v.

It further appears that no copy thereof was served upon the attorney for the bankrupt, as provided by said rule.

The motion to dismiss the application for a discharge, if treated as the equivalent of specifications in opposition to such discharge, must be held insufficient because not filed within 10 days after the return day of the order to show cause, as required by said rule, although the delay was in no degree due to the fault of Mrs. Coon's present attorney, who was not retained until too late.

Furthermore, it would seem that the grounds on which such last-mentioned so-called specifications are based would not, on the merits, warrant a denial of the discharge sought. These grounds involve and depend upon the contention that the bankrupt, which was formerly known as the Federal Carburetor Company, never legally acquired the name "Dynamic Manufacturing Company," in the manner provided by the statutes prescribing a method for the change of a corporate name, and that therefore this court has not acquired jurisdiction to entertain the petition in bankruptcy filed by the bankrupt as the Dynamic Manufacturing Company. However, a corporation may be known by the name adopted and used by it to designate itself, even if it has not formally and in the statutory manner changed its previous name, just as an individual may so adopt a new name and by user thereof become known by such new name, or even by several different names, without following the statutory procedure available for a formal change of name by the order of a court.

The reasons, therefore, assigned in the last aforesaid so-called specifications appear to be without merit, although it is unnecessary to pass upon this question as the motion of the bankrupt to dismiss the specifications, as improperly filed, must be, and hereby is, granted.