**KOCH et al. v. SIDNEY BLUMENTHAL & CO., Inc.**

(Circuit Court of Appeals, First Circuit. December 5, 1924.)

No. 1769.

1. **Bankruptcy** ⊚⟹413(3)—**Objections by creditor to discharge may be signed by attorney of record; "creditor."**

Under Bankruptcy Act, § 1(9), being Comp. St. § 9585, providing that "creditor" may include a creditor's duly authorized attorney, agent, or proxy, specification of objection by a creditor to a bankrupt's discharge may be signed by his attorney of record.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

2. **Bankruptcy** ⊚⟹413(3)—**Specifications of objection to discharge not required to be verified.**

Specifications of objection to a discharge need not be verified, though the better practice is to require verification.

3. **Bankruptcy** ⊚⟹415(2)—**Findings of referee on reference of application for discharge are advisory only.**

The findings of a referee on a reference to him of an application for discharge pursuant to General Order XII (3), 89 F. vii, 32 C. C. A. xvi, are advisory only.

4. **Bankruptcy** ⊚⟹415(3)—**On hearing of application for discharge, documents may be obtained from files.**

On a hearing of an application for discharge before the District Judge, after filing of his report by a referee, if there were documents before the referee which the applicant desires to have considered, it is incumbent on him to obtain them from the files and present them to the judge.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

In the Matter of Daniel Koch and another, bankrupts, who appeal from an order denying a discharge, on objections of Sidney Blumenthal & Co., Inc., a creditor. Affirmed.

Mark M. Horblit, of Boston, Mass. (Horblit & Wasserman, of Boston, Mass., on the brief), for appellants.

Louis B. King, of Boston, Mass. (Friedman, Atherton, King & Turner, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. Daniel Koch and Henry A. Koch, having been adjudicated bankrupts, applied, on June 8, 1917, for their discharge. Sidney Blumenthal & Co., Inc., a creditor, appeared in opposition and filed specifications of objection. The specifications were signed by counsel of record in behalf of the objecting creditor and were not verified. April 3, 1918, the bankrupts, by their attorney, moved to dismiss the specifications, on the grounds that they were not signed by the creditor and were not sworn to. This motion was heard on April 8, 1918, and was denied. On July 6, 1918, the petition for discharge and the objections thereto were referred to a referee to ascertain and report the facts. October 3, 1923, the referee filed his report, in which he states that, on July 11, 1923, a long hearing was held before him at which he re-

ceived the testimony of the objector and of the bankrupts; that after the hearing counsel for the bankrupts presented a long written argument, with the transcript of the testimony taken before him; and that there was testimony that the bankrupts made a false statement in writing for the purpose of obtaining credit. On all the evidence he found that the bankrupts, in a written statement given to the objector for the purpose of obtaining credit, falsely stated their accounts receivable, their accounts payable and their notes payable, and that the creditor to whom the statement was given relied upon it and extended credit in reliance thereon. Having made these findings he recommended that the bankrupts' discharge be withheld, and, at the request of counsel for the bankrupts, transmitted the written record of the testimony taken before him.

The record does not show that the bankrupts requested the referee to report specific findings of fact bearing on the question of discharge, but did request that he transmit the record of the testimony taken, which was transmitted with the report.

October 3, 1923, the bankrupts filed objections and exceptions to the referee's report and moved to recommit. No action appears to have been taken by the court on these objections and motion. On October 24, 1923, the District Court filed an opinion in which it was stated that the application for discharge of the bankrupts had been heard before him on the referee's report, and that the bankrupts objected to the report on the ground that it consisted of conclusions from facts rather than the facts themselves. On this question the court ruled that the report, in connection with the record of the testimony, was a report of the facts within the meaning of General Order XII, 89 F. vii, 32 C. C. A. xvi. He then stated: "I have read the testimony carefully, and also the brief which the bankrupts submitted before the referee. I find that the objection that the bankrupt made a materially false statement in writing for the purpose of obtaining credit has been proved by the objecting creditor." He thereupon entered an order refusing the discharge.

November 8, 1923, the bankrupts filed a petition asking that the decree be vacated and for a rehearing. Their prayer was that the order of October 24, 1923, denying the discharge, be vacated, and that they be afforded an opportunity to be heard on the question whether they were entitled to a discharge. A rehearing was granted on the question of the bankrupts' discharge, and on December 6, 1923, the District Court filed an opinion in which it stated: "I have read the testimony carefully all over again, and find that the bankrupt made a materially false statement in writing for the purpose of obtaining credit. Discharge refused."

The record does not show that the bankrupts requested the District Court to make any specific findings of fact, nor does it include the testimony transferred to that court and considered by it. It is from the decree or order of October 24, 1923, affirmed December 6, 1923, that this appeal is taken.

By their assignments of error the bankrupts seek to raise four questions: (1) Must a creditor, who opposes the granting of a discharge in bankruptcy in the Massachusetts district, sign the specifications of objection in person, or may they be signed by his attorney of record? (2) Must such creditor in that district verify his specifications of objections? (3) Is the District Court, in considering the report of a referee on the question of discharge, bound by the rules of equity practice, or does it act in an administrative capacity, the report being merely advisory? And (4) was the denial of the discharge justified by the facts in evidence in the case?

Although no proceeding to revise was taken to the order of April 8, 1918, we assume, without deciding, that the questions sought to be raised by the bankrupts' motion to dismiss the specifications of objection are properly before us and may be considered on this appeal. 1 Whitehouse, Equity Practice, p. 852; 3 Foster's Federal Practice (6th Ed.) p. 3586; Stevens v. Nave-McCord Mercantile Co., 150 F. 71, 80 C. C. A. 25.

[1] The bankrupts' contention is that the objecting creditor is a party in interest, within the meaning of section 14b of the Bankruptcy Act (Comp. St. § 9598), who could sign specifications of objection to the discharge; that form 58 of the Official Forms in Bankruptcy, prescribed in pursuance of section 30 of the act (Comp. St. § 9614), requires that such creditor should sign the specifications; that while section 1, subdivision 9 (Comp. St. § 9585), provides that the word "creditor" may include "his duly authorized agent, attorney or proxy," only an agent, attorney, or proxy who has been duly authorized by the objecting creditor could properly sign the specifications; and that, as the specifications in this case were signed only by the creditor's counsel

of record, who does not appear to have had any special authority, the specifications were not properly signed. But we are of the opinion that, inasmuch as section 1, subdivision 9, provides that the word "creditor" may include his duly authorized agent, attorney, or proxy, and the specifications of objection were signed by the attorneys of record of the creditor, it appears that the attorneys were duly authorized, and that the specifications were properly signed; for the rule is established in this circuit "that an attorney's authority 'by virtue of his employment * * * [is] to do in behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only, and not the cause of action.'" Barber-Colman Co. v. Magnano Corporation, 299 F. 401.

The signing of the specifications by the attorneys was but an act necessary or incidental to the prosecution and management of the proceedings in the bankruptcy court, which affected the remedy only and was authorized by their employment. Undoubtedly the employment of a mere agent or attorney in fact is not a grant of authority to sign such specifications, and the authority of such an agent in the premises would have to be otherwise shown. This distinction is recognized in form 20 of the Bankruptcy Forms (89 F. xxxvii, 32 C. C. A. lxi), which prescribes the form of "a general letter of attorney in fact when a creditor is not represented by an attorney at law." See, also, General Order IV (89 F. iv, 32 C. C. A. viii).

[2] As to the question of verification, the bankrupts' contention is that section 18c of the Bankruptcy Act (Comp. St. § 9602) provides that "all pleadings setting up matters of fact shall be verified," and that specifications of objection are pleadings setting up matters of fact and therefore should be verified. Numerous decisions in the District Courts (In re Baerncopf, 117 F. 975; Matter of Abramovitz, 253 F. 299; In re Miller, 243 F. 242; In re Gift, 130 F. 230; In re Randall, 159 F. 298; In re Glass, 119 F. 509; In re Dynamic Mfg. Co., 276 F. 408; In re Slatkin, 286 F. 242) and one in the Circuit Court of Appeals for the Fifth Circuit (In re Brown, 112 F. 49, 50 C. C. A. 118) are brought to our attention, either holding outright or suggesting as a matter of practice that such specifications should be verified, and that the verification should be by the creditor, unless for special reason and

after leave obtained of the court verification by another is permitted, and that failure in this respect may be cured by amendment.

The District Court of Illinois, however (In re Jamieson, 120 F. 697), has held that specifications of objection need not be verified, and such has been the practice for a long period of time in the Massachusetts district. We do not find it necessary to decide whether specifications of objection to a discharge are strictly pleadings within the meaning of section 18, so that they must be verified. If they are, the lack of verification goes to the form and not to the substance of the specification, and may be corrected by amendment at any stage of the proceeding, provided that to do so is in furtherance of justice. Undoubtedly the better practice is to require verification. The object of verification is to prevent delay and expense in hearing frivolous specifications. Here the bankrupts have been heard and reheard on the unverified specifications at their own request, and three of the specifications have been sustained. Under the circumstances, it would seem that an amendment is unnecessary, as it would accomplish no useful purpose.

The bankrupts further complain that General Order XII (3), 89 F. vii, 32 C. C. A. xvi, requires the referee, on a reference, "to ascertain and report the facts;" that the referee in his report did not report the facts but merely his conclusions of fact, so that the court could not determine whether the conclusions were warranted or not. The District Court, however, was of the opinion that the referee's report, taken in connection with the testimony, was a report of the facts within the meaning of General Order XII (3), and in this opinion we agree. Undoubtedly the better practice is for the referee to state in his report the facts upon which his conclusions of fact are based, thus shortening the record and doing away with the necessity of transferring the evidence and its investigation by the District Court, but we do not regard it as obligatory.

[3] The findings of fact by the referee were merely advisory, and the District Court could accept them in whole or in part as it saw fit. In re Pettingill & Co., 137 F. 840, 842, 70 C. C. A. 338; In re Troedor, 150 F. 710, 712, 80 C. C. A. 376. The bankrupts were twice heard in argument before the District Court on the question of their discharge, and the District Judge states that after hearing the parties on each occasion he examined and re-examined the testi-

mony, and specifically found that the bankrupts had made a materially false statement in writing for the purpose of obtaining credit, and, having so found, he caused the order refusing a discharge to be entered.

[4] It is further contended that, while the District Judge had before him the report of the referee and the testimony taken in the case, he did not have before him the exhibits introduced before the referee. Whether this is so or not we are unable to say from the record, but if there was anything material in the exhibits which the bankrupts desired the court to consider, they should have obtained them from the files of the court and called the court's attention to such of them as they desired. If they failed to do this, they cannot now complain.

As the evidence taken before the referee is not reported, the question whether the District Court's denial of the discharge was justified on the facts and the evidence in the case is not here.

The bankrupts in their brief seek to raise two further questions: (1) That the written statement of the bankrupts' condition, upon which they procured credit, was not a statement in writing within the meaning of section 14b (3); and (2) that the record does not show that the statement was materially false. Neither of these objections is assigned as error. The first cannot be considered by us, as the record does not contain the evidence taken before the referee, and which undoubtedly related to the question. As to the second, the contention is that the referee in his report did not find that the statement was materially false. But the District Judge so found, and, as the evidence is not before us, we cannot say that there was no basis for the finding.

The decree of the District Court is affirmed, with costs in this court to the appellee.