## MANSON v. INGE et al.

(Circuit Court of Appeals, Fourth Circuit. June 8, 1926.)

No. 2481.

**1. Pleading ⟨⊃1.**

"Pleadings" are allegations made by parties to civil or criminal case, for purpose of definitely presenting issue to be tried and determined between them.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Pleading.]

**2. Bankruptcy ⟨⊃413(3).**

Under Bankruptcy Act, § 18c (Comp. St. § 9602), specifications of objections to bankrupt's discharge, being "pleadings," since they set forth allegations of fact presenting an issue, upon determination of which bankrupt's discharge is to be determined, must be verified under oath.

**3. Bankruptcy ⟨⊃413(3).**

Verification of specifications of objections to bankrupt's discharge, under Bankruptcy Act, § 18c (Comp. St. § 9602), need not be positive, but may be on knowledge, information, and belief.

**4. Bankruptcy ⟨⊃414(2)—Bankrupt's false oath during hearing on specifications of objections may be considered in determining whether charges of false oath in original specifications were true. (Bankruptcy Act, § 14b, subd. 1, and section 29b, subd. 2, being Comp. St. §§ 9598, 9613).**

False oath of bankrupt during hearing on specifications of objections, if not sufficient grounds for denying discharge under Bankruptcy Act, § 14b, subd. 1, and section 29b, subd. 2, being Comp. St. §§ 9598, 9613, may be considered by court in weighing testimony and determining whether charges of false oath in original specifications were true.

**5. Bankruptcy ⟨⊃414(3).**

Evidence *held* to sustain finding that bankrupt knowingly and fraudulently concealed property belonging to estate from trustee, so as to authorize denying petition for discharge.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond, in Bankruptcy; D. Lawrence Groner, Judge.

In the matter of the bankruptcy of T. R. Manson. Petition by bankrupt for discharge, objected to by Sallie H. Inge and another. From an order denying the petition, the bankrupt appeals. Affirmed.

Cralle F. Blackwell, of Kenbridge, Va., and George E. Allen, of Victoria, Va., for appellant.

Thomas W. Ozlin, of Kenbridge, Va., and W. S. McNeill, of Richmond, Va., for appellees.

Before WADDILL and PARKER, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

ERNEST F. COCHRAN, District Judge. The bankrupt, T. R. Manson, who is the appellant here, filed his petition for discharge, and the appellees, Sallie H. Inge and Mary E. Etheridge, who are unsecured creditors, filed certain specifications of objections to the discharge. The original specifications charged the bankrupt with knowingly and fraudulently concealing certain assets, and knowingly and fraudulently making a false oath to his schedules in relation to those assets. The matter was referred to the referee, and in the course of the taking of the testimony the bankrupt testified, among other things, relative to a certain paper which he produced, and which purported to be an assignment of certain insurance policies, which were claimed by the objecting creditors to have been concealed from his trustee. This paper bore a date on its face of July 5, 1922, and the bankrupt testified positively, more than once, that that was the true date, though cautioned that the paper itself showed that his statement could not be true. Afterwards it was conclusively shown that the true date of the paper was not July 5, 1922, but that it was written by the bankrupt some time in 1924, and only a short time before he testified before the referee.

Counsel for the bankrupt then requested that the bankrupt be recalled, as he wished to make some explanation in reference to this matter, and thereupon he was allowed by the referee to take the stand, and testified again concerning this paper, and admitted that it was not written on the date that it purported to have been written, but said that he was confused, and had not meant to testify that it was actually written on that date. Later the court permitted the objecting creditors, over the bankrupt's objections, to file supplementary specifications of objections to the discharge, setting up the making of the false oath by the bankrupt as to the date and execution of the paper referred to in his testimony in the course of the hearing on the original specifications of objections to the discharge.

Both the original and the supplementary specifications are verified by the affidavit of the objecting creditors to the effect that the statements contained, etc., "are true to the best of affiant's knowledge, information, and belief." The referee found for the bankrupt, but the District Court sustained the specifica-

tions of, objections of the appellees, and denied the bankrupt's discharge.

The bankrupt assigns error in the decision of the District Court in three particulars, to wit: (1) In refusing to strike out both the original and supplemental specifications, on the ground that they were not verified "on positive oath as required by law, but upon 'knowledge, information, and belief.'" (2) In refusing to strike out the supplemental specifications, on the ground that the making of a false oath by a bankrupt in a hearing upon the issues presented by a petition by the bankrupt for a discharge and specifications of objections by creditors thereto is not a ground for denying the discharge. (3) In not holding that the evidence did not show that the bankrupt had committed any of the offenses alleged against him as grounds for denying a discharge.

In reference to the matter of the verification of the specifications, the appellees insist: (1) That the specifications are not required to be verified, and therefore the alleged insufficiency becomes immaterial; (2) that the verification is sufficient; and (3) that the verification in any event might be amended.

The question whether the specifications of objections to a bankrupt's petition for a discharge should be verified by oath is one upon which there is a conflict in the decisions. The following cases hold that such specifications should be verified: In re Brown (C. C. A. 5th) 112 F. 49, 50 C. C. A. 118; In re Baerncopf (D. C. Pa.) 117 F. 975; In re Gift (D. C. Pa.) 130 F. 230; In re Abramovitz (D. C. Fla.) 253 F. 299; In re Dynamic Mfg. Co. (D. C. Mich.) 276 F. 408; In re Slatkin (D. C. Mich.) 286 F. 242. The last two cases, by the District Court for the Eastern District of Michigan, appear to be based in part, at least, upon local rule of that court.

In the case of In re Jamieson (D. C. Ill.) 120 F. 697, the court held that the specifications need not be verified. In the case of Koch v. Blumenthal & Co., 3 F. (2d) 395, 397, the Circuit Court of Appeals for the First Circuit cited the case of In re Jamieson as holding that the specifications need not be verified, and stated also that such had been the practice for a long period of time in the Massachusetts district. While the court in Koch v. Blumenthal & Co. did not find it necessary to decide the question, the opinion of the court apparently was that the verification was not necessary.

[1, 2] Upon reason and principle, we think the better view is that the specifications should be verified. Section 18c of the Bankruptcy Act (Comp. St. § 9602) provides that "all pleadings setting up matters of fact shall be verified under oath." The Supreme Court has defined pleadings as "the allegations made by the parties to a civil or criminal case, for the purpose of definitely presenting the issue to be tried and determined between them." Tucker v. U. S., 151 U. S. 164, 168, 14 S. Ct. 299, 301 (38 L. Ed. 112). The specifications of objections to a discharge are clearly within this definition. They set forth allegations of fact which present an issue upon the determination of which the question of the granting or denial of the discharge is to be decided. They are therefore pleadings, and under the section of the Bankruptcy Act referred to should be verified.

In the case of In re Jamieson, supra, which holds that the verification is unnecessary, the court lays some stress on the fact that in the forms prescribed by the Supreme Court by General Orders in Bankruptcy, some of the forms have a form of verification, while form 58, for the specification of grounds of opposition to a bankrupt's discharge (89 Fed. LVIII), contains no form of verification. The argument is that the Supreme Court evidently did not think such verification necessary, else a form would have been provided therefor. The argument is very strong, but it should be borne in mind that the omission of a verification from form 58 affords only an inference that the Supreme Court thought it unnecessary—there is no direct expression of the Supreme Court upon the subject—and we do not think this inference should override the positive words of the statute, which require that all pleadings should be verified.

Even those courts which apparently are of opinion that the verification is not necessary concede that the verification tends to prevent delay and expense in the hearing of frivolous specifications, and that undoubtedly the better practice is to require a verification. Koch v. Blumenthal & Co. supra. Upon due consideration, we think that the specifications should be verified under oath.

[3] The next question is whether the verification must be positive, or may be upon knowledge, information, and belief. Here again the courts are divided. The following cases hold that a verification to the effect that the statements are true to the best of the affiant's knowledge, information, and belief is insufficient: In re Brown (C. C. A. 5th) 112 F. 49, 50 C. C. A. 118; In re Abramovitz (D. C. Fla.) 253 F. 299; In re Slatkin (D. C. Mich.) 286 F. 242; In re Vastbinder (D. C. Pa.) 126 F. 417. The following cases hold that the verification need not be positive, but

may be to the effect that the same is true to the best of the affiant's knowledge, information, and belief: In re Peck (D. C. Conn.) 120 F. 972; In re Milgraum (D. C. Pa.) 129 F. 827; In re Mason (D. C. Fla.) 8 F.(2d) 665.

As we have already stated, the form of specifications of objections to a discharge promulgated by the Supreme Court does not provide for any verification, but form No. 1 (debtor's petition) and form No. 2 (partnership petition) both provide for a verification, and the verification so provided is to the effect that the statements are true to the best of the party's knowledge, information, and belief. 89 Fed. xv and xxviii. The Supreme Court evidently considered such a verification sufficient in those cases. In the debtor's petition, of course, the facts are largely, if not altogether, in the knowledge of the debtor. In the case of objections by creditors to a bankrupt's discharge, the facts in most cases are not within the personal knowledge of the creditors, nor are they often within the personal knowledge of any other person upon whom the creditors could call to verify the specifications on personal knowledge. Nearly always they lie almost entirely in the personal knowledge of the bankrupt alone, and are usually proven by circumstantial evidence. If the verification, in the case of a debtor's petition, when made to the best of the debtor's information, knowledge, and belief, is good, it is difficult to see why it should not be deemed good in the case of specifications of objections by a creditor to a discharge. To require the specifications to be verified positively or on personal knowledge would place an undue burden upon the objecting creditors. We are constrained, therefore, to hold that the verification of the specifications in the present case is sufficient.

In reference to the point made by the appellees to the effect that in any event the verification might be amended, inasmuch as the appellees did not ask the District Court to be allowed to amend and as we have held the verification sufficient, it is not necessary to consider the question of amendment. However, we may say that all of the cases to which our attention has been called hold that the verification, when insufficient, may be amended.

The next question arises upon the supplemental specifications. These specifications set forth as grounds of objection to the discharge the alleged false oath of the bankrupt in his testimony in the hearing before the referee on the original specifications. The bankrupt contends that a false oath made in the hearing on the objections to a discharge is not such a false oath as is intended by the bankrupt statute as ground for objection to a discharge. Section 14b, subd. 1, of the Bankruptcy Act (Comp. St. § 9598), provides that the bankrupt shall not be discharged when he has "committed an offense punishable by imprisonment as herein provided." Section 29b, subd. 2 (Comp. St. § 9613), provides for imprisonment when the bankrupt has "made a false oath or account in, or in relation to, any proceeding in bankruptcy." If taken literally, the terms used are broad enough to comprehend a false oath made by the bankrupt in the hearing upon the specifications of objections to his discharge.

There is, however, grave doubt whether the bankrupt law contemplates that a bankrupt shall be denied his discharge solely on the ground that he has made such a false oath. In the only case that has been called to our attention, In re Kretsch (D. C.) 172 F. 523, it was held that such an oath was not sufficient ground upon which to deny the discharge. However, in the view we take of this case, we do not consider it necessary to decide this question. If the evidence in support of the original specifications sustains the conclusion of the District Judge in denying the discharge, his action in overruling the motion to strike out the supplemental specifications relative to the false oath in the hearing on the original specifications would become immaterial.

[4, 5] This brings us, therefore, to the consideration of the original grounds of specifications and the evidence presented to sustain them. The original specifications charge that the bankrupt knowingly and fraudulently made a false oath to his schedules, and knowingly and fraudulently concealed certain assets belonging to his estate from his trustee. These are offenses punishable by imprisonment under section 29b, subds. 1 and 2. It would subserve no useful purpose to review the evidence in detail. It is hardly necessary to say that, even if the false oath of the bankrupt made during the hearing of the original specifications of objections is not a ground in itself for denying the discharge, there can be no question but that it is a strong circumstance which the District Court and this court have a right to consider in weighing his testimony, and in determining whether the charges against him as contained in the original specifications are true or not.

The failure of the bankrupt to explain satisfactorily why he did not include certain property in his schedules, his inconsistent testimony, his seeking to bolster up his cause by

producing a pretended assignment of certain portions of that property, purporting to have been executed in July, 1922, and his false oath stating that that was its true date, when it was in fact prepared by him after his bankruptcy, and only a few days before he testified, his close kinship to the persons with whom certain of the transactions in question were had, his peculiar and suspicious actions just before his bankruptcy in reference to certain shares of stock standing in his name, and his evident anxiety that those stocks should be in the hands of those near relatives before he filed his petition in bankruptcy, are all convincing that his failure to include all of his property in his schedules, or to disclose it to his trustee, was not the result of oversight, or of any misunderstanding or mistake, but was deliberate, and for the purpose of withholding the same from the trustee.

From a careful consideration of the whole case, we are satisfied that the District Court was right in finding that the bankrupt had knowingly and fraudulently concealed from his trustee property belonging to his estate, and on that ground his petition for discharge should be denied.

Affirmed.