**Jean R. LARMAY, Plaintiff,**

v.

**Oveta Culp HOBBY, Secretary of the Department of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 6164.**

United States District Court
E. D. Wisconsin.

July 27, 1955.

Charlton and Yanisch, Milwaukee, Wis., for plaintiff.

Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action brought to require defendant to make a finding that plaintiff is entitled to mother's insurance benefits under Section 402(g) of Title 42, U.S. C.A. The answer pleads that the findings are supported by substantial evidence and therefore conclusive. There was filed as a part of the answer a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. Defendant filed a motion for summary judgment on the ground that no genuine issue of fact exists and that the defendant is entitled to judgment as a matter of law.

The Court is without the benefit of any brief by the plaintiff in opposition to the motion for summary judgment. The time for filing briefs was extended until October 7, 1954. No brief has been filed on behalf of the plaintiff as of this date. However, the Court is satisfied that there is substantial evidence to support the Administrator's findings, and that being true, the findings are conclusive. Section 405(g), Title 42 U.S.C.A.

The qualification for recovery that a widow claimant must have been "living

with" the deceased at the time of his death is found in Section 202(g) (1) (F) (i) and 202(i), Title 42 U.S.C.A. § 402 (g) (1) (F) (i) and 402(i). "Living with" the deceased at the time of his death is defined in Section 216(h) (2), 42 U.S.C.A. § 416(h) (2), as follows:

"* * * a widow shall be deemed to have been living with her husband at the time of his death if they were both members of the same household on the date of his death, or she was receiving regular contributions from him toward her support on such date, or he had been ordered by any court to contribute to her support."

The foregoing statutory provisions are reflected in Regulations No. 4 of the Social Security Administration, 20 CFR, Chapter III, part 404, as follows: section 404.325 (relating to conditions of entitlement to mother's insurance benefits); sections 404.338–404.340 (entitlement to lump-sum death payments); and section 404.1111 (definition of "living with"). The following excerpts from the latter section are pertinent:

"(a) *The husband and wife were at such time members of the same household.*—A husband and wife who customarily lived together in the same place of abode but who were not actually doing so at such time, may nevertheless be members of the same household if they were apart only temporarily and intended to resume living together in the same place of abode.

"(b) *The applicant was at such time receiving regular contributions from such individual toward his or her support.*—Contributions must be substantial, and may be made in cash or other medium. In determining the sufficiency of contributions under this section, the surrounding circumstances with respect to both the time when contributions were received by the applicant for his or her support and

the amount thereof shall be taken into consideration."

The record shows a statement of claim by plaintiff for children's benefits in which she sets forth that she and her husband were not living with one another at the time of his death. Language in the same claim statement indicates that her son Larry was living with her but not with her husband. The statement signed by her indicates that she and her husband were separated and she was not receiving any support money from him. The day after her husband's death she stated that they had been "parted" and were going to get a divorce.

True, she finally testified differently. This is a situation in which the trier of facts could apply the rule *Falsus in uno, falsus in omnibus,* and could disbelieve all of her testimony except such as is corroborated by other credible testimony. The determination of whether her testimony is credible or is to be believed is for the trier of facts, there being a dispute in her testimony and a dispute between her testimony and the testimony of the deceased's brother, Mose J. Larmay. Certainly if this matter were before a jury on testimony and return of the defendant, a court could not direct a verdict. It would at least present an issue of fact. The test of substantiality involves such relevant evidence as a reasonable mind would accept as adequate to support a conclusion, Willapoint Oysters, Inc., v. Ewing, 9 Cir., 1949, 174 F.2d 676, certiorari denied 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527. "Substantial" evidence means enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660.

The trier of facts could conclude on this record that she had intentionally given false statements or testified falsely. The cases of The Santissima Trini-

dad, 7 Wheat. 283, 5 L.Ed. 454, and Manson v. Inge, 4 Cir., 1926, 13 F.2d 567, 47 A.L.R. 635, are specific upon the point. It is made clear in them that a party cannot be presumed liable to inadvertence or oversight where he speaks falsely to the facts of his "living in a particular place" or speaks to the fact of close kinship with persons with whom the questioned transactions were had or is anxious for the desired misrepresented state of affairs. The reasonable conclusion which was drawn here is that not misunderstanding or mistake, but deliberate falsehood, was the basis of the conflict in the statements. Then, since the effect of the substantial evidence rule extends also to inferences from the evidentiary or basic facts, United States v. LaLone, 9 Cir., 1945, 152 F.2d 43, this Court cannot but find substantiality of the evidence.

In any event, the credibility of the testimony of a witness is to be judged upon the basis of those inconsistencies as well as the means of the witness' information and interest in the suit. United States v. Ybanez, C.C., 53 F. 536. Also the case of Lee Sing Far v. U. S., 9 Cir., 94 F. 834, pronounces the rule that it is for the Referee to determine the credibility of the witness and the sufficiency of the evidence. The Judgment to credibility is made among other criteria upon the basis of the probability of the story with reference to the witness' opportunity to observe the facts testified and his interest in the proceeding.

The Court is persuaded that the evidence in the transcript of the record does substantially establish the fact of the claimant's disqualification to collect the claims requested on the ground that she was not "living with" the deceased at the time of his death.

The defendant's motion for summary judgment is granted. Defendant's counsel may prepare an order in accord with this opinion and submit it to plaintiff's counsel for approval as to form only.