Odal M. HODGES, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 1763.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Aug. 7, 1964.

Parker Parker, Russellville, Ark., for plaintiff.

Charles M. Conway, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

In this action plaintiff seeks review of a determination of the defendant Secretary reducing his old-age insurance benefits from $79 per month to $69 per month on October 31, 1961. Plaintiff filed application for old-age benefits January 5, 1960, and was subsequently awarded benefits in the amount of $79 per month.

Paragraphs one and two of the hearing examiner's decision are as follows: (Tr. 10)

"This case is before the hearing examiner on remand from the Appeals Council by order dated November 2, 1962. In the Order of Remand the hearing examiner is directed to conduct a supplemental hearing for the purpose of receiving additional evidence bearing on 'the correct amount of claimant's income from his activities in connection with the contract baling of hay in the years 1958 and 1959 and the correct amount of his net earnings from self-employment in such years. Such evidence should also establish whether there has been an overpayment of benefits to claimant and, if so, whether recovery of adjustment of such overpayment may be waived.' Also contained in the order of the Appeals Council was a direction that the hearing examiner 'issue such further supplemental or revised decision as the entire record may then warrant, either affirming, modifying, or reversing the previous decision.'

"Claimant filed application for old-age insurance benefits on January 5, 1960. Initially he was awarded benefits in the amount of $79.00 per month, the benefit amount having been computed on the basis of income which included self-employment income for the years 1958 and 1959 as reported in 'original' income

tax returns filed by claimant for those years. Following the filing of amended income tax returns by claimant for the years 1958 and 1959 in which greater self-employment net income was reported for 1958 than was reported in the original return, and less for the year 1959, an investigation was made by the Social Security Administration which resulted in a recomputation of claimant's benefit amount reducing same from $79.00 per month to $69.00. Claimant was advised of this determination by letter from the Kansas City Payment Center dated October 31, 1961. Thereafter claimant requested a hearing and such hearing was held August 17, 1962 at Fort Smith, Arkansas before Hearing Examiner Samuel C. Berson. On August 28, 1962 Hearing Examiner Berson issued a decision wherein a finding was made that claimant's net farm profit in the years 1958 and 1959, used in computing social security benefit entitlement, was in such amount as to create entitlement of $69.00 per month effective July 1959."

Upon the record the sole issue is whether or not the plaintiff's benefits have been correctly computed by the defendant Secretary.

It is the contention of the plaintiff that his self-employment income in 1958 was $3,646.16. The defendant Secretary, through his administrative personnel, computed plaintiff's self-employment income for 1958 as $1,679.36. The plaintiff contends that his self-employment income in 1959 was $1,986.77. The defendant Secretary credits the plaintiff with $1,196.25 self-employment income. The $69 per month benefits the plaintiff is presently receiving is based upon the computations credited above by the defendant Secretary. The essential difference between the figures as computed by the plaintiff and those by the defendant Secretary is the money plaintiff claims to have received for his contract hay baling, which he asserts to be $1,966.80 in 1958

and $790.52 in 1959, which should be credited as self-employment income in those years.

The essential facts which are not substantially disputed are as follows: Claimant, a farmer, did some contract hay baling with his own baling machine in the years 1958 and 1959. In his usual course of business plaintiff was paid cash for this contract work. He entered in a record he describes as his "Farm and Home Plan Book" the amount he received from his contract hay baling. These entries were made subsequent to the receipt of the payment, and there was often a lapse of several days between the time of payment and the entry in plaintiff's records. Plaintiff's income tax returns for the years 1958 and 1959 were prepared principally from his farm and home record books. Mr. V. V. Barger, an accountant of Clarksville, Arkansas, after examination of the plaintiff's records, filed amended returns for the years 1958 and 1959 which were compiled from the "Farm and Home Plan Book," bank statements, canceled checks, some invoices of expenses, and statements of parties as to the amounts paid plaintiff for contract hay baling.

Mr. Barger made a detailed audit of the plaintiff's income and expenses for the years in question and computed his taxable income, incorporating the amounts claimed for the plaintiff's contract hay baling in the years 1958 and 1959. Plaintiff's amended income tax returns for 1958 and 1959 disclosed the increment caused by his contract hay baling income, and the plaintiff paid the tax thereon. The amended income tax returns for these years state personal income in 1958 as $3,646.16 and in 1959 as $1,986.77.

The defendant Secretary in effect bases his computation of the plaintiff's old-age benefits on the income as reflected in the original 1958 and 1959 income tax returns. Defendant Secretary declines to give plaintiff credit for the amounts of hay baling income which, subsequent to the filing of his 1958 and 1959 income tax returns, the plaintiff's accountant determined to be the correct figure.

The defendant Secretary's findings of fact must be affirmed unless they are, of course, clearly erroneous, Hawkins v. Celebrezze, (W.D.Ark.1962) 210 F.Supp. 341. Conclusions of law made by the hearing examiner and defendant Secretary are entitled to great weight but such conclusions are not binding upon the court, Chronister v. Celebrezze, (W.D.Ark.1963) 224 F.Supp. 121. The plaintiff has the burden of showing that he is entitled to benefits of the Act and the amount of income upon which his payments should be computed. See Celebrezze v. Bolas, (8 Cir. 1963) 316 F. 2d 498. Under the Social Security Act, 42 U.S.C.A. § 405, the Secretary's records are presumed to be correct and are evidence for the purpose of any proceeding before the Secretary or in any court of the amount of wages paid to or the self-employment income received by an individual. The evidentiary effect of the defendant's records with regard to the amount of wages paid, or income received by an individual, is stated in 20 C.F.R. 404.804, as follows:

> "For the purpose of proceedings before the Secretary or any court, such records shall, as provided in this Subpart I, be evidence of the amounts of earnings of such individual and the periods of such earnings. The absence of an entry as to an individual's earnings with respect to any period shall be evidence that the individual had no earnings in such period."

and as stated in 20 C.F.R. 404.702, as follows:

> "The amounts of earnings credited to an individual and the periods to which such earnings are credited may be proved by the records of the Administration and by other evidence of probative value subject to the limitations prescribed in Subpart I of this part."

In the instant case the defendant Secretary was of the opinion that the plain-

tiff had no evidence of probative value as stated in hearing examiner Bayard Taylor's decision of February 27, 1963:

"In the case at hand the claimant clearly has no records of probative value. He has a farm record book which contains entries that are unintelligible in the absence of clarifying information. The information that has been supplied beclouds rather than clarifies. Individuals have supplied affidavits that are at variance with earlier statements given by those same individuals and are also at variance with claimant's records to a wide degree. There being no records maintained by claimant which are sufficiently clear to establish income in the years in question, it follows that the records of the Secretary of the Department of Health, Education and Welfare are the best evidence relative to such income under the law and the regulations. The records of the Secretary were rightly and properly used by the Payment Center as the basis of computing this claimant's self-employment income for 1958 and 1959. Claimant's failure to keep legible, intelligible records gives rise to unfortunate confusion, and claimant has none but himself to blame."

Assuming arguendo that the amounts stated by the plaintiff as to his contract hay baling income are not correct, what must he have done to carry his burden of proof? The statute and the administrative regulations state, as quoted above, that income may be proved by any evidence of probative value. Thus, it would appear that any records whatever kept by the plaintiff, his income tax statements, invoices, and records and statements of those parties paying the plaintiff for his contract hay baling work are of probative value. Chronister v. Celebreeze, supra.

In addition to the sworn testimony and the documentary evidence supplied by the accountant who prepared the amended 1958 and 1959 income tax returns, the record contains affidavits of various parties for whom the plaintiff performed contract hay baling work. There are in fact two sets of affidavits, one which was tendered to the hearing examiner and rejected was signed but not sworn to by the parties executing the affidavits. A second set of affidavits is contained in the record which is typewritten and signed and sworn to by the affiants. The court feels that it would serve no useful purpose to set out in full the affidavits of the various parties with respect to the amount of money paid to plaintiff for his contract hay baling work, but the court includes the following which are representative:

"I, Arnold Keith, state that on September 22, 1959, Mr. Odal M. Hodges sold me 350 bales of hay at .30¢ per bale; and that I paid him $105.00 for the said 350 bales. I also state that on August 12, 1959, Mr. Odal M. Hodges baled 396 bales at .25¢ per bale and I paid him $99.00 for baling hay.

/s/ Arnold Keith.

"Subscribed and sworn to before the undersigned this the 25th day of Sept. 1962.

/s/ Sid Robinson
Justice of Peace."

"I, George Gomph, state that Mr. Odal M. Hodges, on July 11, 1959, baled 330 bales at .25¢ per bale, and I paid him $82.50; on October 6, 1958 Mr. Hodges baled 235 bales at .25¢ per bale, and I paid him $58.75; on July 3, 1958 Mr. Hodges baled 425 bales at .25¢ per bale, and I paid him $106.25 for baling hay.

/s/ George Gomph

"Subscribed and sworn to before the undersigned this the 25 day of Sept. 1962.

/s/ Sid Robinson
Justice of Peace"

"I, Odus Wilkins, state that on July 7, 1959 and September 16, 1959

Mr. Odal M. Hodges baled 350 at .18¢ per bale ($63.00) and 318 bales at .18¢ per bale ($57.24), and June 4, 1958 he baled 431 bales at 18¢ per bale ($77.58).

/s/ Odus Wilkins

"Subscribed and sworn to before the undersigned this the 22 day of Sept. 1962.

/s/ Sid Robinson

Justice of Peace"

■ The defendant Secretary, through his hearing examiner has the duty and the right, of course, to pass on disputed questions of fact. However, in the instant case the plaintiff met his burden of proof when he introduced evidence which supported the amounts as contended by him. His proof, based upon his amended income tax returns, the audit of his accountant, bank statements and the sworn affidavits of parties for whom he did contract hay baling work, establishes not only a prima facie case to support his contention as to the correct computation of figures but it is almost conclusive. It is interesting to note that the defendant Secretary has developed no evidence whatever that disputes the evidence offered by the plaintiff, and the basis for the defendant Secretary's computation of the self-employment income in the years 1958 and 1959 is the taxpayer's, plaintiff's, own original income tax statements. The court cannot understand why the defendant Secretary views the original income tax returns as the documents of the most probative value and the most reliable, when the same rationale would apply to the amended returns which were prepared by plaintiff's accountant after a more complete and detailed examination of the plaintiff's records and bank statements.

■ The defendant in his brief in support of the principle that his findings of fact are conclusive if supported by substantial evidence cites N.L.R.B. v. Florida Citrus Canners Cooperative, (1962) 369 U.S. 404, 82 S.Ct. 853, 7 L.Ed. 2d 829; N.L.R.B. v. Link-Belt Co., (1941)

311 U.S. 584 at p. 597, 61 S.Ct. 358, 85 L.Ed. 368; N.L.R.B. v. Poultry Enterprises, (5 Cir., 1953) 207 F.2d 522; and Larmay v. Hobby, (E.D.Wis.1955) 132 F.Supp. 738. This statement, of course, is a proper enunciation of the governing standard by which the district court must test decisions of the defendant Secretary. See, Park v. Celebrezze, (W.D.Ark.1963) 214 F.Supp. 153; Blanscet v. Celebrezze, (W.D.Ark.1963) 217 F.Supp. 859.

The defendant, in discussing Larmay v. Hobby, supra, emphasized that the defendant Secretary is the judge of the credibility of the testimony of the witnesses, as follows, at page 740 of 132 F. Supp.:

"* * * This is a situation in which the trier of facts could apply the rule Falsus in uno, falsus in omnibus, and could disbelieve all of her testimony except such as is corroborated by other credible testimony. The determination of whether her testimony is credible or is to be believed is for the trier of facts, there being a dispute in her testimony * * *."

Again, at page 741:

"In any event, the credibility of the testimony of a witness is to be judged upon the basis of these inconsistencies as well as the means of the witness' information and interest in the suit. United States v. Ybanez, C.C., 53 F. 536. Also the case of Lee Sing Far v. U. S., 9 Cir., 94 F. 834, pronounces the rule that it is for the Referee to determine the credibility of the witness and the sufficiency of the evidence. * * *"

■ It is interesting to note that the last clause of the second sentence of the first paragraph of defendant's quotation was omitted from the quotation. The clause omitted beginning after the word "testimony," reads "and a dispute between her testimony and the testimony of the deceased brother, Mose J. Larmay." The defendant is quite correct that he has the right and duty to judge the credibility of the witnesses and at-

tempt to reconcile discrepancies and disputes between the testimony of one witness and another. In the case quoted from above there was conflicting testimony in the record as to the essential fact of plaintiff's living with the wage earner which was a condition precedent to being entitled to widow's benefits. Prior to the hearing on the issue as to her living with the deceased, she had executed claims with the defendant Secretary in which she had sworn that she was not living with the deceased. As stated in Larmay v. Hobby at page 740 of 132 F.Supp.:

"The record shows a statement of claim by plaintiff for children's benefits in which she sets forth that she and her husband were not living with one another at the time of his death. Language in the same claim statement indicates that her son Larry was living with her but not with her husband. The statement signed by her indicates that she and her husband were separated and she was not receiving any support money from him. The day after her husband's death she stated that they had been 'parted' and were going to get a divorce."

As contrasted with the instant case, Larmay v. Hobby reflects not merely discrepancies in the testimony of the principal witness, i. e., the claimant, but a substantial irreconcilable dispute in the testimony of the claimant and other witnesses. As applied to the instant case, the most significant part of the quotation contained in the defendant's brief is this clause: *"and could disbelieve all of her testimony except such as is corroborated by other credible testimony."*

In the instant case there is no dispute in the testimony of the witnesses from which the trier of facts, i. e., defendant Secretary, might permissibly weigh and find the facts against the plaintiff. All the testimony and evidence, apart from the plaintiff's own testimony, supports the plaintiff's testimony and contentions. The court is aware that there are inaccuracies in the records kept by the plaintiff, but the defendant Secretary owes the plaintiff the duty of attempting to resolve these inaccuracies in a manner that is consistent with the plaintiff's testimony and the corroborating evidence. The defendant's hearing examiner, sitting as the trier of fact, is not in the position of an advocate with the duty of attempting to dispute the evidence and testimony adduced by the claimant. His duty is to attempt to administer the Act on the basis of the evidence proffered by the plaintiff and to adduce other evidence which will allow an impartial and fair application of the Act.

In other cases cited in the defendant's brief, in addition to those set out above, the principle is enunciated that defendant Secretary is entrusted by statute with the function of appraising conflicting circumstantial evidence as well as the weight and credibility of the testimony. See Rosewall v. Folsom, (7 Cir. 1957) 239 F.2d 724; Ferenz v. Folsom, (3 Cir. 1956) 237 F.2d 46; United States v. Lalone, (9 Cir. 1945) 152 F.2d 43; Social Security Board v. Warren, (8 Cir. 1944) 142 F.2d 974; Walker v. Altmeyer, (2 Cir. 1943) 137 F.2d 531. The court has examined these citations and almost without exception those in which the defendant Secretary's findings of fact were affirmed contained administrative records in which there was a substantial conflict in the testimony of the witnesses.

However, in Walker v. Altmeyer, supra, and Livingstone v. Folsom, (3 Cir. 1956) 234 F.2d 75, the evidence consisted primarily of the testimony of the claimant, together with his business records. In both cases attorneys attempted to either establish or deny self-employment income to qualify for old-age benefits on the basis of alleged facts which on the surface were unreasonable. In Livingstone v. Folsom, the plaintiff conducted his law practice and insurance brokerage business from the same office and attempted to acquire self-employment income by reporting for the years 1951 and 1952 (when earnings from the practice

of law were not covered by the Act) income from the insurance business alone without offsetting any of the office expenses against the insurance business, and attempting to attribute the total expense against his law practice. A perfunctory examination of the opinion reinstating the findings of the Secretary discloses substantial evidence to deny the plaintiff's contention that he had no office expenses attributable to his insurance business.

In Walker v. Altmeyer, supra, the issue was whether or not the plaintiff, who was an attorney, was an employee or self-employed for the purposes of the Social Security Act. The opinion discloses that the plaintiff was in fact employed part time by another attorney and compensated by a charge-off in rent at $100 per month. The rent charge-off was accomplished by the plaintiff attorney's performing services for the other attorney at a stipulated rate of pay per hour. In reversing the lower court, the Court of Appeals said that the defendant Secretary's conclusion that the plaintiff was an employee for Social Security purposes, earning more than $15 per month, was supported by substantial evidence. The opinion reflects that the evidence in that case was not merely substantial but almost conclusive in support of the defendant Secretary's conclusion of law as to the interpretation of what an employee is in regard to the Social Security Act.

Thus, it is apparent that these two cases, Walker v. Altmeyer and Livingstone v. Folsom, in which the issues were primarily questions of law, i. e. definition of employee under the Social Security Act and the allocation of expenses between two businesses conducted out of the same office, are nowise analogous to the instant case. The underlying or basic facts were not in dispute—the primary consideration was their legal significance. In the instant case the legal significance of the contended self-employment income is not at issue. The issue is the basic fact of the existence of the claimed self-employment income.

The defendant Secretary concluded his brief with the following quotation from Hobby v. Hodges, (10 Cir. 1954) 215 F.2d 754, at page 757, as follows:

"* * * The findings of the Administrator are conclusive upon the court as to any fact if supported by substantial evidence. 42 U.S.C.A. § 405(g). * * * The review is not a trial de novo but is limited to the pleadings and the transcript of the proceedings at the hearing. The district court has jurisdiction only to review the record. The statute does not give the district court power to treat the complaint as a mandamus action against the Administrator or to hold a hearing and determine the merits of the claim. The determination of claims is solely a function of the Administrator."

This court is in complete agreement with the above quotation from the defendant's brief. See, Hawkins v. Celebrezze, supra; Park v. Celebrezze, supra.

There is, however, a fundamental difference in the evidentiary problems presented by evidence adduced at a Social Security hearing examination in which there are substantial conflicts among the witnesses as to the basic facts which are a part of the plaintiff's contentions, and discrepancies or inaccuracies which appear in business records kept by the claimant and which are not disputed by testimonial evidence. When the conflicts as to basic facts in regard to the plaintiff's contentions are contained within his own testimony, but yet the record contains the testimony of other witnesses which will resolve such factual disputes, the finder of facts owes the plaintiff the duty of attempting to resolve the dispute in a manner which will support his claim and reconcile the testimony of the witnesses, including that of the plaintiff himself.

A hearing examination is of necessity not an advocacy proceeding. More often than not the plaintiff is not represented by counsel. Neither the Act itself nor the Social Security administra-

tive regulations set different standards as to the manner in which the hearing should be conducted because of the plaintiff's failure to be represented by counsel. The hearing examiner, however, has a greater duty to attempt to adduce testimonial evidence from the plaintiff and his witnesses which would reveal all the facts whether in support of his claim or against it when a claimant is not represented by counsel. As heretofore stated, the hearing examiner's duty, whether claimant is represented by counsel at the hearing or not, is to attempt to administer the Act as fairly and impartially as possible, and therefore he has a duty to elicit from the witnesses any and all testimony which will allow a full and complete determination of the claimant's contentions.

An individual examination of the affidavits supplied by the parties, from whom the plaintiff received payment for contract hay baling, supports the plaintiff's contention as to the amount of self-employment income in 1958 and 1959. A mathematical calculation of the amounts as set out in the affidavits and farm records and the amounts as determined by the audit made by Mr. Barger substantiate the amounts plaintiff reflected in his amended federal income tax returns. Thus, the evidence as developed in the instant record supports the plaintiff's contentions that his personal income in the year 1958 was $3,646.16 and in 1959, $1,986.77. The court cannot say that the decision of the defendant Secretary is supported by substantial evidence when the only evidence introduced on the issues was introduced by the plaintiff and supports his contention.

Therefore, an order is being entered today denying the defendant's motion for summary judgment and granting the plaintiff's motion for summary judgment that he be given credit for personal income in the year 1958 in the amount of $3,646.16 and in the year 1959 in the amount of $1,986.77, and the defendant Secretary is directed to compute the plaintiff's monthly benefits based upon these earnings.