## In re WETMORE.

(District Court, E. D. Pennsylvania. February 19, 1900.)

### No. 27.

1. BANKRUPTCY—OPPOSITION TO DISCHARGE—BURDEN OF PROOF.

   Creditors opposing a bankrupt's application for discharge, on the ground of his having concealed property from his trustee, must sustain the burden of proving, to the satisfaction of the court, that such concealment was fraudulent on the part of the bankrupt, and with his knowledge; and a discharge will not be refused on evidence which leaves in doubt the existence of a fraudulent intent.

2. SAME—CONCEALMENT OF ASSETS.

   A testator bequeathed a sum of money to trustees, in trust to pay the income to his wife during her life, with power to her to dispose of the principal by will, and added that, in default of such disposition by her, "I give the said trust fund, upon her decease, to my own then surviving next of kin." After the death of the testator, his son was adjudged bankrupt; and thereafter the testator's wife died, having exercised the power of appointment by bequeathing the fund to the bankrupt unconditionally. The bankrupt did not list this property in his schedule of assets, nor offer to surrender it to his trustee. *Held* that, in view of the doubtful questions of law, whether the bankrupt's interest in the trust fund at the date of the adjudication was a vested interest such as would pass to his trustee, and whether his title thereto, after his mother's decease, was derived from her will or from the prior will of his father, it could not be said that he had "knowingly and fraudulently" concealed property from his trustee, so as to forfeit his right to a discharge.

In Bankruptcy. On bankrupt's application for discharge, and exceptions thereto by creditors.

Richard C. Dale, for exceptant.
Hatch & Wickes, for bankrupt.

McPHERSON, District Judge. At the time the bankrupt filed his schedules, he did not include therein such interest as may have then existed under the following clause of his father's will:

"I give and bequeath to my executors hereinafter named, other than my wife, the sum of $100,000 (in cash, or in securities or stock valued by my executors at that sum), upon trust to keep the same invested, and to receive the income thereof, and that, after deducting reasonable charges for the management of

the said trust, to apply the net amount of such income, from time to time as it shall accrue, to the use of my wife, Sarah Taylor Wetmore, so long as she shall live; and I empower my said wife to dispose of the principal sum so held in trust, and any accumulations thereof, by last will and testament, duly executed by her, and in such manner as she shall think proper; and, in default of such disposition by will, I give the said trust fund, upon her decease, to my own then surviving next of kin, in like manner and shares as if the same were to be then distributed as my own proper estate, dying at time intestate."

He was adjudged a bankrupt on January 13, 1899, and in the following March his mother died, having exercised the foregoing power of appointment by bequeathing to the bankrupt unconditionally the principal sum of $100,000. The bankrupt has made no application to amend the schedule so as to include this property, and does not offer to surrender it to the trustee as an asset of the estate. The opposition to the discharge is based upon the foregoing facts; the argument being that a discharge should be refused, because section 14 of the bankrupt act requires a refusal if the applicant has committed an offense punishable by imprisonment under section 29, and because such an offense has been committed by the present applicant, namely, the crime described in section 29b, par. 1, of "having knowingly and fraudulently concealed, while a bankrupt,  *   *   *  from his trustee any of the property belonging to his estate in bankruptcy."

The referee before whom the bankrupt was examined, upon the hearing of these exceptions, did not decide the questions now urged upon the court, namely, whether the estate acquired by the bankrupt under his father's will was or was not a vested estate, and whether the title of the bankrupt to the trust fund, after his mother's death, was derived from her will, or from the prior will of his father. The referee found as a fact that whatever might be the quality of the bankrupt's interest in the fund, and from whatever source that interest might be held to be derived, he had not knowingly and fraudulently concealed any property from the trustee. If this finding is correct, the referee was right in concluding that the nature of the bankrupt's estate need not now be determined; and I have therefore examined the testimony upon this point with care, reaching the same result as was reached by the referee. The burden is upon the exceptant to prove the allegation of fraud to the satisfaction of the court, and this burden she has not sustained. The best that can be said about the testimony is that the existence of a fraudulent intent to conceal may be in doubt. But, considering the technical nature of the arguments in support of the propositions that the interest of the bankrupt under his father's will was a vested interest, and that he now derives his title to the fund from that instrument and not from the will of his mother, the bankrupt can hardly be charged with fraudulent concealment of his interest because he may not have understood its true legal paternity. Merely to omit property from his schedule of assets would rarely be enough to prove a fraudulent intent on the part of the bankrupt. Especially does the omission lack probative force when it also appears that no one yet knows—or will know, until some court decides the point—whether such interest as the bankrupt may have had in this fund at the date

of adjudication can be correctly described as "property" at all that was capable of being transferred.

For the purposes of this decision, I assume that the bankrupt's estate might have been vested, and may be derived from his father's will, but I do not decide the question, leaving it open for future consideration. It can be raised directly in appropriate proceedings to be brought by the trustee.

The exceptions are overruled.