## HUMPHRIES v. NALLEY.

(Circuit Court of Appeals, Fifth Circuit. October 12, 1920.)

No. 3578.

Bankruptcy ☞408(2)—False oath to schedule, to bar discharge, must be made knowingly and fraudulently; "knowingly and fraudulently making false oath."

The making by a voluntary bankrupt of oath to his schedules, in which it was stated that he had no property, when in fact he had a small amount of money, with which he paid the costs, and a small amount of household furniture, which he could have claimed as exempt, *held* not sufficient to constitute the offense of "knowingly and fraudulently mak-

ing a false oath," within Bankruptcy Act, § 29b (Comp. St. § 9613, subd. [b]) which would bar his right to a discharge.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Knowingly and Fraudulently.]

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

In the matter of George Washington Humphries, bankrupt. Said bankrupt appeals from an order denying his discharge, upon the objection of Lawton Nalley. Reversed.

Frank L. Neufville, of Atlanta, Ga., for appellant.
Albert Kemper, of Atlanta, Ga., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This is an appeal by a bankrupt from an order sustaining objections made by a creditor to the bankrupt's discharge and denying a discharge. The grounds of the objections were to the effect that the bankrupt committed an offense punishable by imprisonment under the Bankruptcy Act (Comp. St. § 9585 et seq.), in that he willfully, knowingly, and fraudulently made oath that he had no property when his voluntary petition was filed, when in fact $30 in money was due to him from his employer on account of wages earned, and he had in his possession and owned $25 in lawful money and household goods and furniture of the value of about $150. The evidence adduced on the hearing of the objections consisted of the schedules filed and sworn to by the bankrupt with his voluntary petition, which stated that he had no property and that there was no debt owing to him, and testimony to the effect that on his examination at the first meeting of his creditors he testified that when his petition and schedules were sworn to and filed he had about $30 in cash, a watch, some household furniture worth not less than $100 or $125, and that his employer owed him something like $25 or $30. It was also testified, and not contradicted, that the $30 the bankrupt had when the petition was filed was used to pay the costs of the proceeding.

It was not enough to prove that the bankrupt swore falsely in a particular charged when he made oath to his petition and the schedules filed therewith. What was charged in the objections was that the bankrupt willfully, knowingly, and fraudulently made a false oath in a respect stated. The making of the false oath was not a ground for denying a discharge, unless it was knowingly and fraudulently made, and that it was so made must be shown by clear and convincing evidence. Bankruptcy Act, §§ 146, 29b (Comp. St. §§ 9598, 9613); Collier on Bankruptcy (11th Ed.) 376, 363. No evidence adduced was inconsistent with the conclusion that the bankrupt was innocent of any fraudulent purpose or intent to deprive the trustee or any creditor of any right. So far as appears, the bankrupt, who was a laborer working for wages, voluntarily made a full and true disclosure of his condition when he testified at the meeting of his creditors. The use of

the only money he had in paying costs of the proceeding indicates the absence of any intention to improperly withhold that part of his property for his own use or benefit. The only other property he is shown to have been entitled to was such that it could have been retained under a claim of exemption. It was not disclosed that he did anything to conceal or hide any of his property.

The circumstances attending the act of the bankrupt in swearing to his petition and schedules were not proved. It was not shown that those instruments were prepared by the bankrupt himself, or that he was informed of their contents, otherwise than by their being presented for his signature and oath. Not infrequently it happens that persons unaccustomed to legal proceedings carelessly and falsely make oath to papers prepared for their signature, who, if they had been called on to testify orally as to matters so sworn to, would have stated them differently and truly. It was not fairly made to appear that the bankrupt at any time understandingly and with fraudulent intent made any false statement in regard to his property or affairs. We are not of opinion that the evidence adduced was such that it properly may be regarded as clearly and convincingly showing that the false oath of the bankrupt to some of his schedules was knowingly and fraudulently made.

The order appealed from is reversed.