comity requires that the bankruptcy court shall not interfere, cannot apply to the situation at hand. True, the surviving partner is charged with the duty of accounting to the administrator of the deceased partner, but the title is in him, not as an officer of the court, but by virtue of his contract relations with the deceased party and the statute vesting him with the legal title. The partnership has debts for which, as surviving partner, he remains liable, and which he is not able to pay. The Bankruptcy Act gives him the same right as any other partner or individual to be discharged from his obligations upon surrender of all assets, whether as partner or as individual.

It may well be that this proceeding is ill-advised, but in the court's view it has no discretion in the premises, and cannot deny to the surviving partner jurisdiction to entertain his petition. The motion will be denied, and an exception allowed.

═══════

### In re LORD.

District Court, D. Maryland. October 5, 1927.

### No. 4669.

**Bankruptcy ⬅️414(1)—Creditor, objecting to discharge, has burden of proving that concealment of assets was fraudulent (Bankruptcy Act, § 14 [b] being 11 USCA § 32 [b]).**

Under Bankruptcy Act, § 14 (b), being 11 USCA § 32 (b), objecting creditor has burden of proving that concealment of assets was fraudulent, to warrant refusal of discharge.

In Bankruptcy. In the matter of James W. Lord, bankrupt. On application for discharge. Granted.

Merriken & Merriken, of Denton, Md., for bankrupt.

W. Brewster Deen, of Denton, Md., for objecting creditors.

COLEMAN, District Judge. James W. Lord, having been adjudged a voluntary bankrupt on January 29, 1926, filed a petition for discharge on March 9, 1926. To this specifications in objection, on the ground of fraudulent concealment of assets, were filed April 24, 1926. The report of the referee, filed December 31, 1926, finds that the testimony of witnesses, taken at the hearing of these specifications, was vague and unsatisfactory, and concludes that "as a whole there was no affirmative testimony introduced sufficient to establish the allegations of the specifications of objections."

The granting or withholding of a discharge in bankruptcy is for the sound judicial discretion of the judge. Bankruptcy Act, § 14 (11 USCA § 32); Woods v. Little (C. C. A.) 134 F. 229, 232. We are dealing here with a voluntary bankrupt. He is entitled to his discharge, unless the objecting creditors sustain the burden of proving that he has done acts which are sufficient to deny him a discharge. In re Johnson (D. C.) 215 F. 748. Fraudulent concealment of assets is a ground for denial of discharge. Bankruptcy Act, § 14(b). But it is essential to prove in this regard that the concealment was knowingly and fraudulently made. If there is no clear proof of this, the specifications must be overruled. In re Agnew (D. C.) 225 F. 650; In re Bacon (D. C.) 205 F. 547; In re Taylor (D. C.) 188 F. 479; In re Nelson (D. C.) 179 F. 320; In re Griffin Bros. (D. C.) 154 F. 537; In re Conn. (D. C.) 108 F. 525. The conclusion of the referee in this case, that the proof is insufficient, appears to be correct, and therefore it follows that the specifications must be overruled.

An order granting the discharge will be entered.

═══════

### Petition of KIRTON.

District Court, S. D. New York. July 8, 1927.

**Aliens ⬅️66—Time of service on foreign vessel not counted as residence for naturalization purposes (8 USCA § 384).**

Alien, who for 18 months during the five years immediately preceding filing of his petition for naturalization, served as an officer on British ships, may not be admitted to citizenship under Act May 9, 1918, § 1 (8 USCA § 384), though his family may have resided continuously in the United States during that time.

Naturalization Proceeding. Petition of Godfrey Francis Kirton for naturalization. Denied.

BONDY, District Judge. The petition for naturalization was filed on May 14, 1926. The petitioner, during the five-year period immediately preceding the date of his petition, served from February 7, 1922, to June 10, 1922, as third officer on the British steamship Wabasha, and from July 1, 1922, to August, 1923, as second officer on the British steamship Winamac. The total service on these vessels of foreign registry during the statutory five-year period aggregated approximately one year and six months.

The Act of May 9, 1918, provides: "Service by aliens upon vessels other than of American registry, whether continuous or broken, shall not be considered as residence for naturalization purposes within the jurisdiction of