**BROOKS v. COLLINS et al.**

Circuit Court of Appeals, Fifth Circuit.
December 11, 1928.

No. 5350.

See, also, 27 F.(2d) 146.

J. M. McCormick, of Dallas, Tex. (B. M. McMahan, of Greenville, Tex., and W. C. Gowan, of Dallas, Tex., on the brief), for petitioner.

L. A. Clark, H. L. Carpenter, and R. R. Neyland, all of Greenville, Tex. (M. W. Neyland, of Greenville, Tex., on the brief), for respondents.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a petition for allowance of an appeal from an interlocutory order of the District Court permitting specifications of opposition to the discharge of the bankrupt to be filed nunc pro tunc more than 10 days after the return day fixed by the referee for the entering of appearances. It is not disputed that the court had authority to enter the order nunc pro tunc in a proper case, but it is contended that good cause was not shown why the specifications were not filed in time, and therefore it was an abuse of discretion to permit the filing.

It appears that the bankrupt filed his petition for a discharge, and under a standing rule of the court it was immediately referred to the referee. Respondents entered their appearance in opposition to the discharge on April 12, 1928, the day fixed by the referee. Thereafter the specifications were prepared and mailed to the referee, and were delivered to him on April 20th. However, the attorney for respondents had estimated the necessary postage at 8 cents, which was insufficient by 2 cents, and the referee therefore declined to pay the postage due and receive the letter, which was returned to the sender by the Post Office Department. It was received by him on April 23, 1928. The specifications of opposition were then returned to the referee, and were filed by him as of date of April 25, 1928, which was too late under the rules. On application to the court, after a hearing on May 10, 1928, an order was entered permitting the filing of the specifications nunc pro tunc as of April 20, 1928.

In a matter of this kind, when the order is not of a final nature, and could be reviewed on appeal from the judgment of the court on the application for discharge, we would hesitate to substitute our discretion for that of the District Judge, and would do so only in a very clear case; but, beyond that, no abuse of discretion is shown. The creditor was not guilty of negligence in mailing the specifications to the referee, and the exercise of the slightest courtesy to the bar on the part of that official would have led him to pay the small amount of 2 cents and receive them when they were first delivered. Had he done so, the delay and expense of this appeal would not have been caused. Counsel for the respondents was guilty at most of an error of judgment in estimating the necessary amount of postage. That should not be permitted to deprive respondents of the benefit of their pleadings.

It is also contended that the specifications were not sufficiently verified. The affidavit, so far as necessary to quote, is as follows: "Before me, the undersigned authority, personally appeared J. L. Collins, Mrs. Annie G. Williams and Mrs. M. F. Stinson, the above named parties, who having been by me duly sworn say that the facts set out in the above specifications are true and that they make this affidavit upon the information and belief that they are true."

No particular form of affidavit to specifications of opposition to a discharge is prescribed by the Bankruptcy Act (11 USCA) or the General Orders in Bankruptcy. The decisions are conflicting as to the necessity for verification and the form of the affidavit. The verification in this case is positive in the statement that the facts set out in the specifications are true. We think it is sufficient. Manson v. Inge (C. C. A.) 13 F.(2d) 567, 47 A. L. R. 635. The case of In re Brown (C. C. A.) 112 F. 49, may be easily distinguished.

The petition is denied.