994

## In re MACFARLANE.

## HUNTER v. MACFARLANE.

### No. 6227.

Circuit Court of Appeals, Ninth Circuit.
Dec. 22, 1930.

See, also, 45 F.(2d) 992.

Brobeck, Phleger & Harrison and Milton Newmark, all of San Francisco, Cal. (Philip S. Ehrlich, Edmond E. Herrscher, and Wm. Jas. Hayes, all of San Francisco, Cal., of counsel), for appellant.

W. F. Williamson, Ernest J. Torregano, Charles M. Stark, and August B. Rothschild, all of San Francisco, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, Circuit Judge.

This is an appeal from an order granting a discharge in bankruptcy. The specifications of objection to the discharge are substantially as follows: (1) That the bankrupt committed an offense punishable by imprisonment, in that, while a bankrupt, she concealed from her trustee in bankruptcy her interest in a trust estate in the Hawaiian Islands. For present purposes, the character of that estate, and the interest of the bankrupt therein, are sufficiently described in the companion case of In re MacFarlane (Hunter, Trustee, v. McFarlane), 45 F.(2d) 992. (2) That the bankrupt made a false oath in relation to the schedules accompanying her petition, in that such schedules purported to contain a list of all her property, and did not contain or include her interest in the trust estate. (3) That, in the course of an examination before the referee in bankruptcy, she testified that she did not make, or attempt to make, any transfer of her future income from the trust estate, whereas, in truth and fact, on September 8, 1924, she assigned all her right, title, and interest in and to her distributive share of the estate to the Anglo-California Trust Company as collateral to secure a loan of $15,000. (4) That the bankrupt failed to keep books of account or records from which her financial condition and business transactions might be ascertained. (5) That within one week prior to the filing of her petition in bankruptcy the bankrupt pledged certain jewelry, of the alleged value of $3,300, and procured thereon a loan in the sum of $1,500, which she paid to one Sherett without consideration, and with intent to hinder, delay, and defraud her creditors. (6) That, after the filing of her petition in bankruptcy, the bankrupt received the sum of $2,000 from the trust estate and paid the same over to Sherett without consideration, and with intent to hinder, delay, and defraud her creditors.

The petition for a discharge, and the objections thereto, were referred to the referee, as special master, to take testimony and report his findings and conclusions to the court. At the close of the hearing, the special mas-

ter filed his report recommending the discharge of the bankrupt as prayed, and the report was later approved by the trial judge. The rule is too well settled to require citation of authority that such a report, when approved by the trial judge, is conclusive upon an appellate court, unless it appears that there was obvious error in the consideration of the facts, or a misapplication of some rule of law.

While there are six specifications of objection to the discharge, the record before us contains no testimony in support of the last three, so that our consideration must of necessity be limited to the first three specifications. The special master found, on ample and competent testimony, that the bankrupt was advised by her counsel that she had no interest in the trust estate and that the same should not be scheduled in her assets. He further found that there was nothing whatever to indicate that the bankrupt had any fraudulent intent or purpose in failing to schedule the trust estate; that her interest therein was open and notorious; that no creditor or party in interest was in any wise misled, and that the claims of nearly all of the creditors grew out of dealings of some kind with the trust estate in question. Under such findings, supported by competent testimony, there is no foundation whatever for the claim that there was a fraudulent concealment of assets, or a false oath, within the meaning of the law.

In reaching this conclusion we have assumed that it was the duty of the bankrupt to schedule her interest in the trust estate, whether it was subject to administration in the bankruptcy court or not, but, giving full weight to this assumption, the fact remains that the findings against the specifications of objection to the discharge are supported by ample and competent testimony. In re Wetmore (D. C.) 99 F. 703; In re Miner (D. C.) 114 F. 998; Woods v. Little (C. C. A.) 134 F. 229; In re McCrea (C. C. A.) 161 F. 246, 20 L. R. A. (N. S.) 246; Humphries v. Nalley (C. C. A.) 269 F. 607; In re Wyatt (D. C.) 23 F.(2d) 350.

It is questionable, at least, whether the assignment set forth in the third specification is at all material, but in any event there is no evidence to support it. What the bankrupt did, and all she did, was to borrow money from a bank and deposit with the bank receipts for future installments to become due from the trust estate, with directions to the trustees of the estate to pay the install-ments to the bank as her agent. Assuming that this was done, there was no fraud upon creditors, there was no assignment of any kind of the trust estate, and there was no material falsehood in the testimony complained of.

If the trustee in bankruptcy has a valid claim against the trust estate, he may proceed to recover it in a suit against the proper parties, in a court of competent jurisdiction. If he has no such claim, there is no merit in his objections to the discharge.

Order affirmed.