**GEORGE M. MITCHELL CO. v. LAWTON.**
**et al.**
**No. 5918.**

Circuit Court of Appeals, Third Circuit.

Feb. 29, 1936.

Cohn & Kohlreiter, of Paterson, N. J. (Frederic M. P. Pearse, of Newark, N. J., of counsel), for appellant.

Edward F. Merrey, of Paterson, N. J., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court denying to George Mitchell, Jr., a discharge in bankruptcy.

In an appeal from an order of a court of bankruptcy denying a discharge to a bankrupt, the appellate court has no power to reverse or modify that order unless the court clearly abused the discretion vested in it. In re Foley (C.C.A.) 6 F. (2d) 126; In re Lord (D.C.) 22 F.(2d) 301; In re MacFarlane (C.C.A.) 45 F.(2d) 994. "The question of the right to a discharge is addressed to the sound discretion of the District Court, with the exercise of which, except in case of gross abuse, an appellate court will not interfere." In re Merritt (C.C.A.) 28 F.(2d) 679. To find an abuse of discretion, we must find a mistake of law which includes a patent disregard of the facts and evidence in reaching the conclusion. Shea v. Lewis, 206 F. 877 (C.C.A.7); Good v. Kane, 211 F. 956 (C.C.A.8); In re Hoyne, 277 F. 668 (C.C.A.7); Collier on Bankruptcy (13th Ed.) p. 832.

The facts found by the referee and adopted by the District Court are as follows: George Mitchell, Jr., hereinafter called the bankrupt, had carried on an apparently successful plumbing business in his own name for many years. In 1931, he found himself, according to his own admission, in financial difficulties and unable to pay his bills. In April, 1932, he gave up the power to change the beneficiaries in certain insurance policies upon his life in which his wife was named as beneficiary. These policies had a cash surrender value of approximately $14,000. In the same month he mortgaged a farm in Central

Valley, N. Y., for $16,500. The farm was appraised for much less than that amount in the bankruptcy proceedings. This left no real estate owned by the bankrupt which was unencumbered. The net proceeds of this mortgage, $15,000, the bankrupt transferred to his wife. His accounts indicated that he owed his wife around $6,000, though he claimed that he was indebted to her in the sum of $20,000.

During 1932 the bankrupt collected approximately $15,000 of accounts receivable. In the month of October he formed a corporation called the George Mitchell Company, to which he transferred all of his business assets in return for 198 of the 200 shares of stock issued. In the months of November and December Joseph Snyder, an employee of the appellant, sued the bankrupt upon a claimed indebtedness of $2,400. The bankrupt had borrowed the sum of $3,500 from Snyder during 1931. However, two checks payable to him by the bankrupt were placed in evidence. One was dated June 27, 1932, for $3,500 and one June 30, 1932, for $142.92, the stub of the latter being marked, "Interest on loan Joseph Snyder $142.92." No other indebtedness of the bankrupt to him is shown. However, this suit by Snyder was undefended and proceeded to a default judgment. Snyder then caused the sheriff to issue execution upon the 198 shares of stock in the George Mitchell Company owned by the bankrupt. These shares Snyder purchased at the sheriff's sale for the amount of the judgment. The corporation, however, had by that time issued and sold a sufficient number of shares, somewhere between two and three hundred, to the sister of the bankrupt for $100 a share, so that she thus secured control. The bankrupt, though not a stockholder, since the suit by Snyder, has continued as president of the corporation. He and Snyder claim that the above suit, execution, and judgment were not collusive and that although Snyder cashed the check for $3,500, he returned the cash to the bankrupt who used it in the business. This the court apparently did not believe. On January 6, 1933, George Mitchell, Jr., filed a voluntary petition in bankruptcy and was adjudged a bankrupt with about $100,000 in liabilities and about $10,000 in assets.

The trustee, H. W. Porter & Co., the Citizens Trust Company of Paterson, N. J., and Crane Company all filed specifications of objection to the bankrupt's discharge. The referee and the District Court sustained the specifications, which alleged that the transfer of his business assets to the newly formed corporation and the transfer of the $15,000 to his wife were made with the intent to hinder, delay, or defraud creditors; that the failure of the bankrupt to defend the suit by Joseph Snyder was collusive; and that the bankrupt was guilty of knowingly and fraudulently concealing from the referee, receiver, and trustee the transfer to the corporation with his equitable interest therein by omitting it from his schedules filed in the bankruptcy proceedings which purported to disclose all of his assets.

Upon consideration of the evidence as a whole, we cannot say that the District Court abused its discretion. The actions of the bankrupt, following his financial difficulties, justify the conclusion of the referee and the District Court.

Our attention has been called to the fact that the Court of Errors and Appeals held that the transfer involved here was not fraudulent. Lawton v. Mitchell, 117 N.J.Eq. 512, 176 A. 342. The evidence, however, before the referee and the District Court was different and much stronger than that before the Court of Errors and Appeals. And on the evidence before the learned District Judge, we do not find that he erred.

Accordingly, the order appealed from is affirmed.