## In re TAUB.

### No. 375.

Circuit Court of Appeals, Second Circuit.

July 5, 1938.

Stanley H. Rubinowitz, of New York City (Roy Berlin, of New York City, of counsel), for appellant.

Jacob Marx, of New York City, pro se.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by the bankrupt from an order denying him a discharge. Upon

his voluntary petition Taub was adjudicated a bankrupt on August 7, 1936. The schedules of assets originally filed by him did not mention any policies of insurance upon his life, but amended schedules filed in December, 1936 listed two $5,000 policies, one payable to his estate but stated to be of no value, and the other payable to his wife and stated to be exempt. Thereafter, when the bankrupt applied for his discharge, a creditor, the appellee, filed specifications of objections charging the bankrupt with making a false oath in not listing said policies in his original schedules. The bankrupt excepted to this specification because it failed to charge that the false oath was "knowingly and fraudulently" made. The creditor was allowed to insert these words by amendment, the amended specification was sustained, and the discharge was denied.

The first question is the propriety of allowing the amendment after the time for filing specifications of objection had passed. Since the specification without the amendment presented no valid objection to the discharge, the appellant argues that the amendment adds a new objection and in effect extends the time for filing specifications beyond the return day, in violation of General Order 32, as amended in 1933, 11 U.S.C.A. following section 53; Lerner v. First Wisconsin Bank, 294 U.S. 116, 55 S. Ct. 360, 79 L.Ed. 796. This contention is unsound. The amendment did not present a new ground of objection; it merely cured a defective statement of the old objection and conformed it to the statutory requirements. It caused neither delay nor surprise to the bankrupt. The district judge was clearly correct in allowing it. Northeastern Real Estate Securities Corp. v. Goldstein, 2 Cir., 91 F.2d 942; In re Weston, 2 Cir., 206 F. 281; In re Knaszak, D. C., 151 F. 503.

Likewise without merit is the contention that the specifications of objection were insufficient because verified upon information and belief. No particular form of affidavit to specifications of objection to a discharge is prescribed by the Bankruptcy Act or the General Orders. The reasons for holding sufficient a verification upon information and belief are well stated in Manson v. Inge, 4 Cir., 13 F.2d 567, 47 A.L.R. 635. We agree with them. See, also, Brooks v. Collins, 5 Cir., 29 F.2d 732.

Finally, we come to the sufficiency of the proof. The mere omission of property from the schedules, or the failure to include a creditor, does not necessarily establish a fraudulent intent upon the part of the bankrupt. Sharcoff v. Schieffelin & Co., 2 Cir., 70 F.2d 725; Humphries v. Nalley, 5 Cir., 269 F. 607; Vehon v. Ullman, 7 Cir., 147 F. 694; In re Wetmore, D.C., 99 F. 703. In the case at bar the policy payable to the bankrupt's estate had a cash surrender value on the date of adjudication of only 49 cents. The cash surrender value of the other policy was $168.-29, but in 1933 this policy had been made payable to the bankrupt's wife; hence, it was exempt under section 55-a of the New York Insurance Law, Consol.Laws, c. 28. See In re Messinger, 2 Cir., 29 F.2d 158, 68 A.L.R. 1205. In the absence of clear proof of fraudulent intent, we do not think a bankrupt should be denied his discharge because he failed to disclose one policy which was exempt and another whose value to the estate was only 49 cents. In the case of In re McCrea, 2 Cir., 161 F. 246, 249, 20 L.R.A.,N.S., 246, this court held that a bankrupt was not guilty of making a false oath by omitting from his sworn schedules securities which were worthless. See, also, In re Carter, 2 Cir., 32 F.2d 186, 188, and Humphries v. Nalley, 5 Cir., 269 F. 607, the latter involving the omission of a small amount of household furniture which could have been claimed as exempt. Lack of value in the property omitted from the schedules tends to negative fraudulent intent. See In re Feynman, 2 Cir., 77 F.2d 320, 322. At the first meeting of creditors, when asked whether he had any insurance, Taub replied, "It is all void." At the hearing upon his discharge he explained this prior testimony as meaning that he thought the insurance void because the company had told him there was not enough value to pay a premium. No evidence was introduced to contradict his alleged interview with the insurance company. Although the company's representative testified to making a loan on August 11, 1936, to cover an overdue premium on the policy payable to bankrupt's estate, despite the fact that its cash surrender value on August 7th was only 49 cents, it does not appear that Taub knew, when he swore to his schedules, that such a loan could be obtained. Upon this record, we think there is too little to support a finding that Taub's oath was knowingly and fraudulently false. Accordingly, he should be granted his discharge.

Order reversed.